UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kenneth P. Silverman, Esq., The Chapter 7 Trustee of the Jointly Administered Estates of National Events Holdings, LLC, and its Affiliated Debtors,<br><br>Plaintiff,<br><br>-against-<br><br>Citibank, N.A.<br><br>Defendant. | Case No. 22-cv-05211<br><br>Removed from the Supreme Court of the State of New York, County of New York<br><br>Supreme Court Index No. 656633/2022 |

## NOTICE OF REMOVAL

TAKE NOTICE that Defendant Citibank, N.A. ("Citibank") hereby removes this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441(a). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). In support of removal, Citibank states as follows:

1. Plaintiff Kenneth P. Silverman ("Plaintiff") commenced this action, in his capacity as bankruptcy trustee, on June 1, 2022, by filing a summons (the "Summons") and redacted complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York, under Index. No. 656633/2022. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint as it appears on the docket of the Supreme Court is attached hereto as Exhibit A.

2. On June 1, 2022, Plaintiff filed a Proposed Order to Show Cause to Seal and Redact the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Proposed Order to

Show Cause to Seal and Redact the Complaint as it appears on the docket of the Supreme Court is attached hereto as Exhibit B. Plaintiff also filed an Affirmation in Support of the Motion to Seal by Order to Show Cause, a Confidentiality Agreement and Stipulated Protective Order, a Request for Judicial Intervention, and a Commercial Division Request for Judicial Intervention Addendum. Pursuant to 28 U.S.C. § 1446(a), copies of such documents as they appear on the docket of the Supreme Court are attached hereto as Exhibit C, Exhibit D, Exhibit E, and Exhibit F respectively.

3.  On June 8, 2022, the Honorable Barry Ostrager denied Plaintiff's Proposed Order to Show Cause to Seal and Redact the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the Order denying Plaintiff's Proposed Order to Show Cause to Seal and Redact the Complaint as it appears on the docket of the Supreme Court is attached hereto as Exhibit G.

4.  On June 14, 2022, the parties executed and filed a Stipulation confirming that Citibank had, subject to reservations of rights set forth therein, agreed to accept service of the Summons and Complaint and providing that Citibank would have until July 18, 2022, to answer, move against, or otherwise respond to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of that Stipulation as it appears on the docket of the Supreme Court is attached hereto as Exhibit H.

5.  On June 21, 2022, Plaintiff filed a letter with the Supreme Court to provide an update in response to the Supreme Court's June 8, 2022 order respecting redactions to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of that letter as it appears on the docket of the Supreme Court is attached hereto as Exhibit I.

6.     Plaintiff, the Chapter 7 trustee of the jointly administered Chapter 7 bankruptcy estates of National Events Holdings, LLC ("NEH"), National Events Intermediate, LLC ("NEI"), National Event Company II, LLC ("NEC II"), National Event Company III, LLC ("NEC III"), World Events Group II, LLC ("WEG II"), National Events of America, Inc. ("National Events"), and New World Events Group Inc. ("New World") (together, the "Debtors"), has asserted claims against Citibank for allegedly aiding and abetting a fraud perpetrated by Jason Nissen, the former CEO of National Events and its affiliates.

7.     Removal is appropriate under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a)(1) because Defendant Citibank is a citizen of South Dakota and Plaintiff Trustee Kenneth Silverman is a citizen of New York.

8.     Citibank is a national banking association with its main office located in Sioux Falls, South Dakota. *See* Citibank, N.A. Articles of Association attached hereto as Exhibit J. "[F]or purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 216 (2d Cir. 2016); *see* 28 U.S.C. § 1348. Thus, Citibank is a citizen of South Dakota.

9.     In assessing the existence of diversity jurisdiction, the citizenship of the trustee, not that of the debtor(s), is determinative. *See, e.g.*, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) ("a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others"); *Clarkson Co. v. Shaheen*, 544 F.2d 624, 628 (2d Cir. 1976) (bankruptcy trustee's citizenship controlled diversity analysis because in the absence of a statutory exception "the general common law rule [is] that courts will look to the citizenship of a trustee, receiver,

administrator, or other representative, and not the party which he represents, in determining diversity jurisdiction").

10. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Plaintiff Trustee Kenneth Silverman, an individual, is domiciled in, and thus a citizen of, New York. *See* Notice of Appointment of Trustee Kenneth Silverman, *In re National Events Holdings, LLC, et al.*, Case No. 17-11556 (JLG) (S.D.N.Y. Bankr. June 5, 2017), Docket No. 144, attached hereto as <u>Exhibit K</u>.

11. In the alternative, even if the citizenship of the Debtors were relevant to assessing the existence of diversity jurisdiction, removal is appropriate under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a)(1). On information and belief, based on a diligent search of publicly available records, Debtors are citizens of New York and Massachusetts, and, possibly, Florida, and none of the Debtors is a citizen of South Dakota.

12. For purposes of diversity jurisdiction, where applicable, a limited liability company takes the citizenship of its members. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Similarly, where applicable, a partnership takes its citizenship from its constituent partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). A corporation, where applicable, is a citizen of the state(s) in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

13. Debtor NEH is a Delaware limited liability company and a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota. Specifically, NEH's members are National Events, New World, and Falcon

Strategic Partners IV, LP ("Falcon"), *see* Exhibit A ¶ 30; *see also In re National Events Holdings, LLC, et al.*, Case No. 17-11556 (JLG) (Bankr. S.D.N.Y. June 5, 2017), Docket No. 439 at Ex. A, attached hereto as <u>Exhibit L</u>, whose citizenship are as follows:

a. National Events is a corporation incorporated in New York with its principal place of business in New York. *See* Voluntary Petition for Bankruptcy, National Events of America, Inc., Docket No. 1:17-bk-11798 (Bankr. S.D.N.Y. June 28, 2017), attached hereto as <u>Exhibit M</u>. National Events is therefore a citizen of New York.

b. New World is a corporation incorporated in New York with its principal place of business in New York. *See* Voluntary Petition for Bankruptcy, New World Events Group Inc., Docket No. 1:17-bk-11799 (Bankr. S.D.N.Y. June 28, 2017), attached hereto as <u>Exhibit N</u>. New World is therefore a citizen of New York.

c. Falcon is a limited partnership organized under the laws of Delaware. *See* Exhibit A ¶ 14. Not all of Falcon's partners are publicly known or disclosed, but based on a diligent search of publicly available records, Falcon's general partner is Falcon Strategic Investments IV, LP (the "General Partner"), a limited partnership organized under the laws of Delaware. The general partner of the General Partner is Falcon Strategic Investments GP IV, LLC (the "GP LLC"), a limited liability company organized under the laws of Delaware. The individual members of the GP LLC are, on information and belief, citizens of Massachusetts or, possibly, Florida. *See* Falcon Strategic Partners IV, LP December 6, 2013

Form D attached hereto as <u>Exhibit O</u>. On information and belief, no partner in Falcon, no partner in the General Partner, and no member of the GP LLC is a citizen of South Dakota. Falcon is therefore a citizen of Massachusetts and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota.

14. Debtor NEI is a Delaware limited liability company. The sole member of NEI is NEH, which, as described above, is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota. *See* Exhibit A at ¶ 30; *see also* Exhibit L at ¶ 20 & Ex. A. Therefore, NEI is a citizen of New York, Massachusetts and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota.

15. Debtor NEC II is a New York limited liability company. The sole member of NEC II is NEI, which, as described above, is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota. *See* Exhibit A at ¶ 30; *see also* Exhibit L at ¶ 20 & Ex. A. Therefore, NEC II is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota.

16. Debtor NEC III is a New York limited liability company. The sole member of NEC III is NEI, which, as described above, is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota. *See* Exhibit A at ¶ 30; *see also* Exhibit L at ¶ 20 & Ex. A. Therefore, NEC III is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota.

17. Debtor WEG II is a New York limited liability company. The sole member of WEG II is NEI, which, as described above, is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota. *See* Exhibit A at ¶ 30; *see also* Exhibit L at ¶ 20 & Ex. A. Therefore, WEG II is a citizen of New York, Massachusetts, and, possibly, Florida, and, on information and belief, is not a citizen of South Dakota.

18. Thus, the Debtors are all citizens of New York, Massachusetts, and, possibly, Florida, and, on information and belief, none is a citizen of South Dakota.

19. On each cause of action asserted in the Complaint, Plaintiff purports to seek not less than $100,000,000.00 in damages. *See* Exhibit A ¶¶ 256, 266. Thus, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

20. Defendant agreed to accept service of the Summons and Complaint on June 2, 2022. This Notice of Removal is thus timely filed under 28 U.S.C. § 1446(b) within 30 days of acceptance of service.

21. Venue is proper in this Court for removal purposes because, among other things, this Court is "the district court of the United States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a).

22. Pursuant to 28 U.S.C. § 1446(d), Citibank will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and will also promptly serve a copy of this Notice on Plaintiff's counsel.

23. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

24. By filing this Notice of Removal, Citibank does not waive any substantive or procedural defenses that may be available to it and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

25. Citibank reserves the right to submit, at an appropriate time, any further arguments, factual support, evidence, or affidavits to support the basis for federal jurisdiction, should that become necessary.

WHEREFORE, Citibank respectfully removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: June 21, 2022
New York, New York

SHEARMAN & STERLING LLP

/s/ *John Gueli*
Adam S. Hakki
John Gueli
Katherine J. Stoller
Randall Martin
599 Lexington Avenue
New York, NY 10022-6069
Phone: (212) 848-4000
Facsimile: (212) 848-7179
adam.hakki@shearman.com
jgueli@shearman.com
katherine.stoller@shearman.com
randall.martin@shearman.com

*Attorneys for Defendant Citibank, N.A.*