**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Kenneth P. Silverman, Esq., The Chapter 7 Trustee of the Jointly Administered Estates of National Events Holdings, LLC, and Its Affiliated Debtors, | : : : : | Case No. 1:22-cv-05211-GHW |
| Plaintiff, | : : | |
| -against- | : : | |
| Citibank, N.A., | : : : | |
| Defendant. | : : | |

**DEFENDANT CITIBANK, N.A.'S MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Adam S. Hakki
John Gueli
Katherine J. Stoller
Randall Martin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Defendant Citibank, N.A.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    I.    Citibank's Filing Of The Unredacted Complaint On July 5 Was Timely,
           Mooting Plaintiff's Remand Motion.................................................................... 4

    II.   Plaintiff's Purported Technical Basis For Remand Does Not Affect This
           Court's Jurisdiction, Did Not Prejudice Plaintiff, And Does Not Justify The
           Disproportionate Sanction Of Remand ............................................................... 8

    III.  None Of Plaintiff's Other Arguments Justify Remand ..................................... 13

CONCLUSION ................................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Allstate Vehicle & Prop. Ins. Co.,*
    2018 WL 10561519 (N.D. Tex. June 15, 2018) ....................................................................13

*Adams v. Charter Commc'ns. VII, LLC,*
    356 F. Supp. 2d 1268 (M.D. Ala. 2005) ..............................................................................11

*Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.,*
    78 A.D.3d 137 (N.Y. App. Div. 2010) ..................................................................................6

*Allfour v. Bono,*
    2011 WL 2470734 (E.D.N.Y. June 22, 2011) ......................................................................12

*Allfour v. Bono,*
    2011 WL 2470742 (E.D.N.Y. May 5, 2011) ........................................................................12

*Andalusia Enters., Inc. v. Evanston Ins. Co.,*
    487 F. Supp. 2d 1290 (N.D. Ala. 2007) ..............................................................................13

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP,*
    814 F.3d 132 (2d Cir. 2016)................................................................................................15

*Boertlein v. Clarke,*
    2017 WL 6327549 (E.D.N.Y. Dec. 11, 2017) ....................................................................12

*Boxdorfer v. DaimlerChrysler Corp.,*
    396 F. Supp. 2d 946 (C.D. Ill. 2005),
    *aff'd sub. nom. Phillips v. Ford Motor Co.,*
    435 F.3d 785 (7th Cir. 2006) ..............................................................................................11

*Cardinale v. City of Atlanta,*
    2020 WL 3046396 (N.D. Ga. June 8, 2020) ..................................................................8, 15

*Cardoza v. Med. Device Bus. Servs., Inc.,*
    389 F. Supp. 3d 399 (W.D. Va. 2019) ................................................................................11

*Carrasco v. Horwitz,*
    2014 WL 7205912 (S.D. Cal. Dec. 17, 2014)......................................................................13

*Catalina Corp. v. Pauma Band of Luiseno Indians,*
    2010 WL 4024895 (S.D. Cal. Oct. 12, 2010) ......................................................................13

*Cedar Dev. E., LLC v. Town Bd. of Hurley,*
   2021 WL 3422342 (N.D.N.Y. Aug. 5, 2021) ........................................................6, 9

*Conde v. Zaganjor,*
   66 A.D.3d 947 (N.Y. App. Div. 2009) ........................................................................7

*Cook v. Randolph Cty., Ga.,*
   573 F.3d 1143 (11th Cir. 2009) ...................................................................................9

*Countryman v. Farmers Ins. Exch.,*
   639 F.3d 1270 (10th Cir. 2011) .................................................................................10

*Covington v. Indemnity Ins. Co. of N. Am.,*
   251 F.2d 930 (5th Cir. 1958) .....................................................................................10

*DMF NYC LLC v. Cornelius HV AC Consulting LLC,*
   2022 WL 1909573 (N.Y. Sup. Ct. May 27, 2022)........................................................6

*DMF NYC LLC v. Elite Transp. Grp. Inc.,*
   2021 WL 4815623 (N.Y. Sup. Ct. Oct. 12, 2021) .......................................................6

*DMF NYC LLC v. Wyndham Pointe Project LLC,*
   2021 WL 3732640 (N.Y. Sup. Ct. Aug. 18, 2021) ......................................................6

*Dri Mark Prods., Inc. v. Meyercord Co.,*
   194 F. Supp. 536 (S.D.N.Y. 1961) ..............................................................................9

*Efford v. Milam,*
   368 F. Supp. 2d 380 (E.D. Pa. 2005) ........................................................................11

*Evans v. Sroka,*
   2001 WL 1160586 (S.D.N.Y. Oct. 2, 2001) ..............................................................11

*General Ins. Co. of Am. v. Tilcon N.Y. Inc.,*
   1996 WL 389265 (S.D.N.Y. July 11, 1996) ...............................................................11

*Gerber v. FCA US LLC,*
   2017 WL 2705428 (S.D. Cal. June 23, 2017)............................................................16

*Griffin v. JPMorgan Chase Bank, N.A.,*
   2013 WL 2237974 (E.D. Mich. May 21, 2013)..........................................................12

*Hearst Mags. v. Stephen L. Geller, Inc.,*
   2009 WL 812039 (S.D.N.Y. Mar. 25, 2009) ...............................................................9

*James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*,
   499 F. Supp. 2d 710 (E.D. Tex. 2007) ................................................................10

*Kisor v. Collins*,
   338 F. Supp. 2d 1279 (N.D. Ala. 2004) ................................................................13

*Knopf v. Sanford*,
   150 A.D.3d 608 (N.Y. App. Div. 2017) ................................................................6

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
   707 F.3d 1136 (9th Cir. 2013) ................................................................10, 13

*Lee v. Pineapple Mgmt. Servs., Inc.*,
   241 F. Supp. 2d 690 (S.D. Miss. 2002) ................................................................5

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................................15

*Mattox v. U.S. Bank Nat'l Ass'n*,
   2012 WL 13018481 (N.D. Ga. Mar. 12, 2012) ................................................................10, 13

*McCall v. Greyhound Lines, Inc.*,
   1998 WL 865626 (S.D.N.Y. Dec. 11, 1998) ................................................................4

*Mercado-Salinas v. Bart Enters. Int'l, Ltd.*,
   669 F. Supp. 2d 176 (D.P.R. 2009) ................................................................11

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
   488 F.3d 112 (2d Cir. 2007) ................................................................8

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
   399 F. Supp. 2d 340 (S.D.N.Y. 2005) ................................................................9

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*,
   435 F.3d 127 (2d Cir. 2006) ................................................................3, 8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ................................................................5

*Pender W. Credit 1 Reit, LLC v. Khan Real Estate, LLC*,
   2020 WL 2857337 (D. Mont. May 18, 2020) ................................................................13

*Pietrangelo v. Alvas Corp.*,
   664 F. Supp. 2d 420 (D. Vt. 2009),
   *aff'd*, 686 F.3d 62 (2d Cir. 2012) ................................................................5

*Pilkington Olsoff Fine Arts, Inc. v. Sahgner Risk Managers, LLC*,
  2009 WL 10725711 (N.Y. Sup. Ct. Dec. 21, 2009) ............................................ 6

*Polito v. Hanover Ins. Grp. Inc.*,
  2018 WL 3598873 (W.D.N.Y. July 27, 2018) ................................................... 12

*Presnell v. Cottrell, Inc.*,
  2009 WL 4923808 (S.D. Ill. Dec. 14, 2009) ................................................... 16

*Riggs v. Fling Irrigation, Inc.*,
  535 F. Supp. 2d 572 (W.D.N.C. 2008) ......................................................... 11

*Rocha v. Brown & Gould, LLP*,
  61 F. Supp. 3d 111 (D.D.C. 2014) ............................................................ 10

*S.G. v. New York City Health & Hospitals Corp.*,
  2022 WL 1664302 (N.Y. Sup. Ct. May 24, 2022) ................................................ 6

*Snyder v. Alternate Energy Inc.*,
  19 Misc. 3d 954 (N.Y.C. Civ. Ct. 2008) ....................................................... 6

*Somlyo v. J. Lu-Rob Enters., Inc.*,
  932 F.2d 1043 (2d Cir. 1991) ................................................................. 11

*Stephens v. State Farm Fire and Cas. Co.*,
  149 F. App'x 908 (11th Cir. 2005) ............................................................ 11

*Syngenta Crop Prot., Inc. v. Henson*,
  537 U.S. 28 (2002) ............................................................................ 8

*In re Vill. of Kiryas Joel, N.Y.*,
  2012 WL 1059395 (S.D.N.Y. Mar. 29, 2012) ................................................... 12

*Vitiello v. JTJ Contracting*,
  2016 WL 1239259 (E.D.N.Y. Mar. 29, 2016) .................................................... 9

*Walton v. Bayer Corp.*,
  643 F.3d 994 (7th Cir. 2011) ................................................................. 9

*Ward v. Aetna Life Ins. Co.*,
  1999 WL 222559 (W.D.N.Y. Apr. 12, 1999) ..................................................... 6

*Yellow Transp., Inc. v. Apex Digit., Inc.*,
  406 F. Supp. 2d 1213 (D. Kan. 2005) ......................................................... 11

**Statutes and Rules**

28 U.S.C. § 1441(a) .................................................................................................8

28 U.S.C. § 1446(a) .................................................................................................4

28 U.S.C. § 1446(b) .................................................................................................4

CPLR § 306(e) .......................................................................................................7

CPLR § 308..........................................................................................................7

CPLR § 311 ......................................................................................................6, 7

N.Y.C.R.R. Part 202.5-b(f)(1) .................................................................................6

Defendant Citibank, N.A. ("Citibank") respectfully submits this memorandum of law in opposition to Plaintiff's motion to remand this action to New York Supreme Court.

## INTRODUCTION

Plaintiff laments, but does not dispute, that the Court has subject matter jurisdiction over this action. His determination to nonetheless press an entirely non-substantive remand motion — and his willingness to level vitriolic, unwarranted attacks to do so — reveals how desperate he is to avoid subjecting his Complaint to scrutiny under the standards applicable to this Court. (*See* ECF 15.)

Plaintiff urges remand because Citibank's June 21 Notice of Removal (ECF 1) attached the redacted Complaint that Plaintiff had filed in State Court (ECF 1-1), but not the unredacted version of Plaintiff's Complaint that had not been filed in State Court. According to Plaintiff, Citibank's removal papers thus failed to comply with 28 U.S.C. § 1446(a) because they did not include all the state court papers served upon it. But Plaintiff cites no case, and our own research has not located any, suggesting that a redacted and an unredacted version of the same document must both be included with a notice of removal, much less when the parties are conferring in good faith regarding the scope of redactions. Importantly, Plaintiff does not dispute the existence of federal jurisdiction or purport to identify any difference between his as-filed redacted Complaint and his not-filed unredacted Complaint that bears on this Court's jurisdiction or is otherwise relevant to the propriety of removal.

But even if Plaintiff's claim were legitimate, his motion is not. First, any concern about the completeness of the record attached to Citibank's removal notice was rendered moot (and cured) when Citibank, to address Plaintiff's technical objection to the removal paperwork, filed the unredacted Complaint with the Court (together with a request for sealing) within 30 days of

1

accepting service of the Complaint. Second, Plaintiff does not claim that the initial non-inclusion of the unredacted Complaint affected this Court's undisputed subject matter jurisdiction over this action. Third, Plaintiff does not, nor could he, claim that he was harmed in any way.

Instead, Plaintiff attempts to portray the initial non-inclusion of the unredacted Complaint as the culmination of an elaborate campaign of "gamesmanship" designed to delay public disclosure of the Complaint. (*See, e.g.*, ECF 33 at 2–3.) This is baseless. Indeed, the benefit Citibank supposedly intended to realize from such a delay is both unexplained and inexplicable. Within a week of removal, Citibank filed a pre-motion letter outlining its proposed motion to dismiss — obviously knowing and intending that the unredacted Complaint would be before the Court in connection with its consideration of that motion. Citibank was not trying to hide anything, which is why it immediately filed the unredacted Complaint under seal on July 5 when Plaintiff first raised his baseless objection to removal.

Plaintiff's unredacted Complaint was not omitted from Citibank's June 21 Notice of Removal in an attempt to keep the case secret. The unredacted Complaint was not included with the Notice of Removal because Citibank was in the process of conferring with Plaintiff regarding the scope of the redactions before making a sealing request. In so doing, Citibank was complying with the instructions of the State Court, which had, in rejecting Plaintiff's request to file the unredacted Complaint under seal, specifically directed the Parties to first meet and confer on the scope of redactions. (ECF 1–7.)[1]

---

[1] Moreover, the procedures for under-seal filings in this District vary by Judge; upon removal, Citibank consulted this Court's Individual Rules, which also require parties to meet and confer to try to narrow as much as possible the scope of proposed redactions before making a sealing request.

There was thus no "defect" in Citibank's removal papers at all.  Nor was there any intention by Citibank to skirt or in any way fail to fulfill the strictures of Section 1446(a), and it is wrong of Plaintiff to suggest otherwise.  Moreover, the form of Citibank's filing was of no jurisdictional significance, was harmless, and has since been remedied.  In these circumstances, "[a] remand, with the consequent deprivation of a federal forum, … [would be] too drastic." *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (vacating remand).

## ARGUMENT

At the threshold, Plaintiff's premise that the agreement by Citibank's counsel on June 2 to accept service of process by email retroactively started Citibank's 30-day removal clock as of June 1, such that Citibank's July 5 submission of the unredacted Complaint to the Court was untimely, is wrong.  As a matter of federal law, a defendant's 30-day time period to remove is triggered by formal service of process.  As a matter of New York law, service of process by email can be effective only upon the defendant's agreement to accept such service, which undisputedly occurred here on June 2.  Citibank's 30-day removal clock thus started to run on that day, meaning its July 5 filing of the unredacted Complaint (if even required) was timely and mooted Plaintiff's purported basis for remand.

But even if the initial non-inclusion of the unredacted Complaint with Citibank's Notice of Removal constituted technical non-compliance with 28 U.S.C. § 1446(a), this would not warrant remand.  Section 1446(a) is procedural, not jurisdictional.  As noted, Plaintiff does not dispute that diversity of citizenship jurisdiction exists.  Nor does he claim to have suffered any prejudice with respect to Citibank's removal filing.  Even in more unambiguous circumstances than occurred here, the overwhelming majority of courts have concluded that a remand for

3

purported trivial "[p]ro forma defects" in removal papers "would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *See, e.g.*, *McCall v. Greyhound Lines, Inc.*, 1998 WL 865626, at *3 (S.D.N.Y. Dec. 11, 1998) (quotations omitted).

I.   **CITIBANK'S FILING OF THE UNREDACTED COMPLAINT ON JULY 5 WAS TIMELY, MOOTING PLAINTIFF'S REMAND MOTION**

Plaintiff assumes, without support, that, pursuant to 28 U.S.C. § 1446(a),[2] both the redacted and unredacted Complaint needed to be included with Citibank's Notice of Removal within the 30-day period for removal set forth in 28 U.S.C. § 1446(b).[3] (*See* ECF 33 at 12–13.) But no case so holds or even suggests that two versions of the same document must both be included in a removal notice. Nor is there any logical reason to so interpret or apply 28 U.S.C. § 1446(a) where the redacted document included with the removal notice was the only version of the document that had been publicly-filed, where the parties needed to confer before the unredacted version of the document could be presented for under seal filing, and where the differences between the two versions of the document were not in any way relevant to the propriety of removal. That itself warrants denial of Plaintiff's motion. But even if Citibank was obligated to present the unredacted version of the Complaint with its removal notice, Citibank timely provided the unredacted Complaint to the Court here.

---

[2] In pertinent part, 28 U.S.C. § 1446(a) provides:

> A defendant … desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal …, together with a copy of all process, pleadings, and orders served upon such defendant … in such action.

[3] In pertinent part, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

On June 1, at 11:39 p.m., Plaintiff's counsel emailed Citibank's counsel the summons and Complaint (both the as-filed redacted version and the not-filed unredacted version), and asked: "Please advise if you will accept service of the summons and complaint on behalf of Citibank, N.A." (July 27, 2022 Declaration of John Gueli ("Gueli Decl.") ¶ 22 & Ex. B.)  The next day, Citibank's counsel advised: "we can agree to accept service if you will give us 45 days to respond to the complaint; deal?," to which Plaintiff's counsel responded: "deal." (*Id.* ¶ 23 & Ex. C.)  Citibank's June 2 agreement to accept service started its removal clock; it did not rewind that clock to June 1.

A defendant's 30-day time period for removal under 28 U.S.C. 1446(b) begins once formal service of process is effectuated.  As the Supreme Court explained in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons."  The Supreme Court thus specifically rejected the type of "receipt rule" for service advocated by Plaintiff (*see* ECF 33 at 16), 526 U.S. at 356.  Rather, the Court held, the statute's "through service or otherwise" language "was not intended to bypass service as a starter for § 1446(b)'s clock," *id.* at 355, meaning that a defendant's time to remove is not triggered "by mere receipt of the complaint unattended by any formal service" (in that case, a courtesy copy faxed by plaintiff's counsel), *id.* at 347–48.  *See, e.g.*, *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 429 (D. Vt. 2009) ("service of process, and not mere receipt of the complaint, is a prerequisite to a defendant's obligation to engage in litigation, and the removal period does not begin until there has been receipt of a properly served summons"), *aff'd*, 686 F.3d 62 (2d Cir. 2012) (per curiam); *Lee v. Pineapple Mgmt. Servs., Inc.*, 241 F. Supp. 2d 690, 693 (S.D. Miss. 2002) (defendant's

receipt of complaint personally delivered to its representative did not start the removal period because delivery was not accomplished by way of formal service of process).

Plaintiff argues that since "Citibank did not 'receive' anything on June 2" its removal clock necessarily started to run on June 1 because "[a]ll that happened on June 2, 2022 was that Citibank agreed to accept the service of process it 'received' the day before." (ECF 33 at 16.) But Citibank's acceptance of service of process on June 2 was not "all that happened" — it was all that mattered. Only when Citibank agreed to accept the emailing of the Complaint as formal service of process on June 2 did the 30-day removal clock start to run. *See Cedar Dev. E., LLC v. Town Bd. of Hurley*, 2021 WL 3422342, at *3 (N.D.N.Y. Aug. 5, 2021) ("Service of process is a prerequisite to begin the thirty-day removal period ... The courtesy copy of the complaint emailed to [counsel] ..., therefore, did not trigger the thirty-day removal period."); *Ward v. Aetna Life Ins. Co.*, 1999 WL 222559, at *1 (W.D.N.Y. Apr. 12, 1999) (service was complete, starting removal clock, when defendant's counsel accepted service).

Nothing in New York law or procedure supports Plaintiff's position. New York does not authorize service by email absent court order or the defendant's agreement. *See* N.Y.C.R.R. Part 202.5-b(f)(1); CPLR § 311; *Snyder v. Alternate Energy Inc.*, 19 Misc. 3d 954, 959–62 (N.Y.C. Civ. Ct. 2008). Plaintiff cites cases (*see* ECF 33 at 18–19) that stand for the unremarkable proposition that when a party *previously agreed* to waive formal service or accept service by email, service is effective as of when the email is delivered.[4] Nothing in the CPLR —

---

[4] *See Knopf v. Sanford*, 150 A.D.3d 608, 610 (N.Y. App. Div. 2017) (notice of appearance expressly requested service by email); *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 78 A.D.3d 137, 139–41 (N.Y. App. Div. 2010 (parties' contract waived necessity of formal service and directed delivery of notices by email); *DMF NYC LLC v. Cornelius HV AC Consulting LLC*, 2022 WL 1909573, at *1 (N.Y. Sup. Ct. May 27, 2022) (defendants agreed to accept service by email and expressly waived service of process); *S.G. v. New York City Health & Hospitals Corp.*, 2022 WL 1664302, at *1 (N.Y. Sup. Ct. May 24, 2022) (during defendant's office closure due to pandemic, it was agreeing to accept service of process by email); *DMF NYC LLC v. Elite Transp. Grp. Inc.*, 2021 WL 4815623, at *1 (N.Y. Sup. Ct. Oct. 12, 2021) (parties' contract provided for service by email); *DMF NYC LLC v. Wyndham Pointe Project LLC*, 2021 WL 3732640, at *1 (N.Y. Sup. Ct. Aug. 18, 2021) (same); *Pilkington Olsoff*

or anything cited by Plaintiff — suggests that an agreement to accept service by email has retroactive effect and renders service complete *nunc pro tunc* as of the time when the defendant was initially emailed process before agreeing to accept that method of service.[5]

Nor, finally, can the Parties' Stipulation (ECF 1-8) fairly be read to have "<u>deliberately</u> stipulated" that service was effective "<u>on</u> June 1, 2022." (*See* ECF 33 at 17, emphasis in original.) As explained above, the Parties' "deal" respecting Citibank's acceptance of service was reached on June 2. Neither the terms of that deal nor anything in the subsequent Stipulation intended to formalize the Parties' agreement rendered service retroactively effective as of June 1. Indeed, the Stipulation provides — in language that was unchanged in the course of the Parties' "drafting" (a single email exchange) — that "*on June 2, 2022, the Parties agreed* in principle that Defendant would accept service ..." (ECF 1-8, emphasis added; *see* Gueli Decl. ¶ 24.) Plaintiff cannot rewrite history by leveraging counsel's willingness to accommodate edits to the Stipulation that did not concern or affect the Stipulation's key language regarding the Parties' June 2 agreement.

Citibank's July 5 filing of the unredacted Complaint (if even required) was thus timely under 28 U.S.C. § 1446(b). Plaintiff's contention that Citibank's July 5 filing should be disregarded because it was not consented to by Plaintiff and did not propose specific redactions (*see* ECF 33 at 20) ignores that the Parties were still conferring regarding redactions (*see* ECF 20; Gueli Decl. ¶¶ 28–29) and that Citibank was attempting to respond to Plaintiff's

---

*Fine Arts, Inc. v. Sahgner Risk Managers, LLC*, 2009 WL 10725711, at *1 (N.Y. Sup. Ct. Dec. 21, 2009) (service by email as per counsel's agreement to accept service).

[5] Plaintiff cites to CPLR § 306(e), which provides that "[a] writing admitting service by the person to be served is adequate proof of service." That provision is irrelevant. It governs the requirements for proof of service, but the CPLR only requires proof of service to be completed with respect to individuals. CPLR §§ 308, 311; *see Conde v. Zaganjor*, 66 A.D.3d 947, 948 (N.Y. App. Div. 2009). Even were CPLR § 306(e) somehow relevant here, it does nothing more than confirm what is not disputed, namely, the validity of Citibank's acceptance of service on June 2.

technical objection to removal precisely because Citibank was not trying to "hide" or "delay"

anything. *See Cardinale v. City of Atlanta*, 2020 WL 3046396, at *3 n.4 (N.D. Ga. June 8, 2020)

(defendant's prompt supplementation of removal record "shows that any omission was not in bad

faith"). Doing so satisfied any obligation Citibank may have had under 28 U.S.C. § 1446(a) to

"file in the district court" the unredacted Complaint, mooting Plaintiff's motion.[6]

## II.   PLAINTIFF'S PURPORTED TECHNICAL BASIS FOR REMAND DOES NOT AFFECT THIS COURT'S JURISDICTION, DID NOT PREJUDICE PLAINTIFF, AND DOES NOT JUSTIFY THE DISPROPORTIONATE SANCTION OF REMAND

Even if Plaintiff were correct that Citibank needed to include the unredacted Complaint

simultaneously with its Notice of Removal, or that it was somehow late in doing so, remand

would not be appropriate on the law, on the facts, or as a matter of policy.

Removal jurisdiction exists to ensure a federal forum for the resolution of disputes — like

this one — that could have originally been filed in federal court. 28 U.S.C. § 1441(a). *Compare*

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 29 (2002) ("Petitioners may not, by resorting

to the All Writs Act, avoid complying with the statutory requirements for removal.") (cited in

ECF 33 at 11). Here, diversity of citizenship jurisdiction is not disputed, meaning that this case

presents no "doubts [about] removability." *Compare In re Methyl Tertiary Butyl Ether*

*("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (cited in ECF 33 at 11).

It is well-recognized that federal jurisdiction should not be frustrated on hyper-technical

grounds that exalt form over substance. *See, e.g., Mitskovski v. Buffalo & Fort Erie Pub. Bridge*

*Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (vacating remand for failure to comply with local rule

---

[6] Even if the July 5 filing were to be disregarded, the failure to submit the unredacted Complaint with Citibank's June 21 Notice of Removal was curable after the 30-day removal period via Citibank's July 19 submission of the unredacted complaint under seal. *See* § II, *infra*.

requiring removal notice to include an index of state court filings as "unduly rigid" and "too

drastic a remedy for such a minor noncompliance" given that the error was correctible and the

defendant's filings "afforded the District Court ample opportunity to assess whether the case

should remain in a federal court"). Citibank's alleged failure to timely file the unredacted

Complaint has been remedied, did not and does not affect this Court's undisputed jurisdiction,

and is not claimed to have prejudiced Plaintiff in any way. In these circumstances, "[r]emand

would be a disproportionate sanction for a trivial oversight" in the form of a "totally

inconsequential defect in removal papers." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir.

2011).

Section 1446(a)'s filing prescription is procedural, not jurisdictional. *In re Methyl

Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005).

Thus, "the failure to include all state court pleadings and process with the notice of removal"

may be deemed "procedurally incorrect but is not a jurisdictional defect." *Cook v. Randolph

Cty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009). As a result, "the majority of courts have

concluded that the failure to include all of the documents from the state court record" can be

cured — even after the 30-day removal period. *Cedar Dev.*, 2021 WL 3422342, at *5. *See, e.g.,

Vitiello v. JTJ Contracting*, 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016) (failure to

include original complaint with removal notice was a "curable, procedural defect rather than a

jurisdictional defect necessitating remand," noting that the amended complaint and other

documents included with removal notice revealed that the court had jurisdiction); *Hearst Mags.

v. Stephen L. Geller, Inc.*, 2009 WL 812039, at *3 (S.D.N.Y. Mar. 25, 2009) (where diversity of

citizenship was established by the record, omission of documents from state court record with

removal notice did not warrant remand); *Dri Mark Prods., Inc. v. Meyercord Co.*, 194 F. Supp.

536, 538 (S.D.N.Y. 1961) (failure to file exhibits from state court with removal petition was not a jurisdictional defect; such a "formal or modal [omission] [does] not affect the right to remove and such technical defects may be subsequently remedied").[7]

Plaintiff argues that removal statutes should be strictly construed (ECF 33 at 11), but where remand is sought for a reason that does not implicate a jurisdictional flaw, this argument "rings hollow," as the above-cited authorities demonstrate. *See, e.g.*, *Mattox v. U.S. Bank Nat'l Ass'n*, 2012 WL 13018481, at *2 n.3 (N.D. Ga. Mar. 12, 2012) (the "strictly construed" standard is appropriate for jurisdictional defects in order to prevent a federal court from reaching the merits where subject matter jurisdiction may be lacking, thereby depriving a state court of its right under the Constitution to resolve controversies in its own courts; that concern is not implicated where federal jurisdiction is proper); *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007) (where "[t]here is no dispute that [the] case is otherwise removable," the omission of state court papers could be corrected by supplementing the removal record).

Simply put, the application of strict construction where removal jurisdiction is contested "does not mean every defect in the removal procedure under § 1446(a) requires remand as a matter of law." *Rocha v. Brown & Gould, LLP*, 61 F. Supp. 3d 111, 113–14 (D.D.C. 2014) (disagreeing that "a draconian application of § 1446(a) is required such that a minor, often inconsequential error in not attaching all the state court paperwork necessitates the

---

[7] *See also, e.g.*, *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (failure to attach original complaint to removal notice was *de minimis* and curable even after expiration of 30-day removal period); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272–73 (10th Cir. 2011) (per curiam) ("The majority view is that a removing party's failure to attach[] the required state court papers to a notice of removal is a mere procedural defect that is curable" even after expiration of the 30-day removal period) (vacating remand); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 932–33 (5th Cir. 1958) (as removal proceedings are in the nature of process to bring the parties before the federal court, failing to include all state court papers with removal petition is "completely without effect upon the removal, if the case is in its nature removable").

disproportionate sanction of denying federal jurisdiction to a defendant," especially where "the error causes no prejudice to any party, does not delay proceedings in the federal forum, and is easily curable"); *see, e.g., Yellow Transp., Inc. v. Apex Digit., Inc.*, 406 F. Supp. 2d 1213, 1217–19 (D. Kan. 2005) (strict construction of removal statutes did not mean that defendant's "trivial" failure to attach summons warranted remand given that "plaintiff has suffered absolutely no prejudice whatsoever"). Rather, where, as here, there has been no prejudice, "*de minimis* violations of the procedural requirements for removal do not require remand." *Cardoza v. Med. Device Bus. Servs., Inc.*, 389 F. Supp. 3d 399, 406 (W.D. Va. 2019).[8]

The cases relied upon by Plaintiff are inapposite. First, in citing *Somlyo*, *Adams*, *Evans*, and *Tilcon* (*see* ECF 33 at 11, 17–18), Plaintiff erroneously conflates a purportedly untimely filing of copies of all state court documents with an untimely notice of removal itself.[9] Whereas Section 1446(b)'s 30-day time period for removal (at issue in those cases) is strictly enforced, a failure to comply with Section 1446(a) is curable even after the 30-day time period for removal under Section 1446(b) has elapsed. *See supra* at 9–10 & n.7; *see also, e.g., Stephens v. State*

---

[8] *See also, e.g., Mercado-Salinas v. Bart Enters. Int'l, Ltd.*, 669 F. Supp. 2d 176, 186 (D.P.R. 2009) ("[A] minor procedural defect in filing 'a copy of all process, pleadings, and orders' with the removal notice can be cured, and the case may remain in federal court, so long as the removal notice itself was timely filed and otherwise complies with the statutory requirements, the plaintiff is not injured by the defect, and the federal court properly has jurisdiction."); *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008) (failure to include seven pieces of process with removal notice was a "minor irregularity," "to remand for this reason alone, when the parties and the Court now have all the pertinent filings, would indeed elevate form over substance") (quotations omitted); *Boxdorfer v. DaimlerChrysler Corp.*, 396 F. Supp. 2d 946, 950–51 (C.D. Ill. 2005) (failure to attach original complaint to removal notice "is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction"), *aff'd sub. nom. Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006); *Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005) (failure to file writ of summons and certificate of service with notice of removal "was remedied when defendants filed an amended notice of removal just over a month after the original removal notice was filed").

[9] Regardless whether the removal clock started to run on June 1 or June 2, Citibank's June 21 Notice of Removal was well within the 30 days for removal provided by the statute. *Compare Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991); *Adams v. Charter Commc'ns. VII, LLC*, 356 F. Supp. 2d 1268, 1273 (M.D. Ala. 2005); *Evans v. Sroka*, 2001 WL 1160586, at *3 (S.D.N.Y. Oct. 2, 2001); *General Ins. Co. of Am. v. Tilcon N.Y. Inc.*, 1996 WL 389265, at *2 (S.D.N.Y. July 11, 1996).

*Farm Fire and Cas. Co.*, 149 F. App'x 908, 909–10 (11th Cir. 2005) (per curiam); *Griffin v.*

*JPMorgan Chase Bank, N.A.*, 2013 WL 2237974, at *2–3 (E.D. Mich. May 21, 2013).

Next, Plaintiff relies on various cases in which, unlike here, a proper basis for removal

was not established. (*See* ECF 33 at 12–14.)  For example, *In re Village of Kiryas Joel, N.Y.*,

2012 WL 1059395 (S.D.N.Y. Mar. 29, 2012), was remanded because the removing defendant

did not provide the court with unambiguous written evidence of another defendant's consent to

removal, *id.* at *4–5.  And in *Polito v. Hanover Insurance Group, Inc.*, 2018 WL 3598873

(W.D.N.Y. July 27, 2018), the court determined remand was warranted because the removing

entity was a non-party that lacked standing to do so, *id.* at *6.[10]

Likewise, Plaintiff relies on the Magistrate Judge's decision in *Allfour v. Bono*, 2011 WL

2470742 (E.D.N.Y. May 5, 2011), but the District Judge there concluded that remand was

warranted because the defendant "failed to provide a valid reason for removal based on federal

question jurisdiction" and expressly did not consider whether defendant's non-compliance with

Section 1446(a) warranted remand. *Allfour v. Bono*, 2011 WL 2470734, at *3 (E.D.N.Y.

June 22, 2011).

Finally, Plaintiff cites no case remanding under circumstances similar to the ones here.

In *Boertlein v. Clarke*, 2017 WL 6327549 (E.D.N.Y. Dec. 11, 2017), the defendant purported to

remove a state court child support proceeding on federal question grounds. *Id.* at *1 & n.1.  The

defendant not only failed to file a statement of the grounds for removal, but apparently failed to

attach to his removal petition *any* of the state court pleadings and orders served upon him, *see id.*

---

[10] Where jurisdiction was lacking, the *Polito* court further invoked a strict construction of the removal statute
because the removing entity had "intentionally" (not in good faith) failed to include with its removal papers the
exhibits attached to the plaintiff's state court complaint, *id.* at *5–6, and relied on the decisions in *Boertlein* and
*Catalina* (also relied upon by Plaintiff), discussed in the text.

at *3 & nn. 3, 5, and the court in any event held that remand was required because removal was not sought until almost one year after the action was filed in state court, *id.* at *2.

And when *Catalina Corp. v. Pauma Band of Luiseno Indians*, 2010 WL 4024895 (S.D. Cal. Oct. 12, 2010), was decided, the court stressed that it lacked "Ninth Circuit authority indicating that district courts have discretion to overlook procedural defects in removal when the plaintiff has raised the defect in a timely motion to remand." *Id.* at *3. Subsequently, however, the Ninth Circuit decided *Kuxhausen*, where, in response to the plaintiff's timely remand motion, the defendant promptly undertook to correct its failure to attach the original complaint to its removal notice, and the court held this *de minimis* issue was curable even after expiration of the 30-day removal period. 707 F.3d at 1142. Since *Kuxhausen*, "numerous district courts in the Ninth Circuit have followed its holding," *Pender W. Credit 1 Reit, LLC v. Khan Real Estate, LLC*, 2020 WL 2857337, at *2 (D. Mont. May 18, 2020) (collecting authorities), and the *Pender* court thus concluded that, in light of *Kuxhausen*, *Catalina* was not "persuasive," *id.* at *3.[11]

## III.   NONE OF PLAINTIFF'S OTHER ARGUMENTS JUSTIFY REMAND

Plaintiff's assertion that he was "forced" to redact his as-filed Complaint due to misconduct by Citibank (*see* ECF 33 at 2, 7, 15) is untrue. The Rule 2004 discovery Citibank produced to Plaintiff was (at a minimum) "Confidential" under the Bankruptcy Court-ordered

---

[11] Indeed, in *Carrasco v. Horwitz*, 2014 WL 7205912, at *2 (S.D. Cal. Dec. 17, 2014), the same Judge who decided *Catalina* held, in granting reconsideration in light of *Kuxhausen* and thus denying remand, that the defendant's failure to attach all papers from the state court action was curable and did not require remand. Plaintiff also cites *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007), but the Judge in that case was following his own prior decision in *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004), which the *Pender* court also rejected as not "persuasive." *Pender*, 2020 WL 2857337, at *3; *see also, e.g.*, *Abrams v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 10561519, at *3 (N.D. Tex. June 15, 2018) (explaining that *Kisor* represents the minority view and that the majority of courts to consider the issue have held that "the correct remedy for failure to include all requisite documents with a notice of removal is to order the defendant to supplement the record—not remand") (collecting authorities) (quotations omitted); *Mattox*, 2012 WL 13018481, at *3 n.7 (criticizing *Andalusia* and *Kisor* as "flawed" and "expressly contradicted" by Eleventh Circuit authority).

Protective Order governing that discovery, which permitted such designation for material that "constitutes or contains nonpublic proprietary or confidential technical, business, financial [or] personal information." (ECF 1-4 ¶ 8(a).) Plainly, as just one example, the Financial Intelligence Unit ("FIU") reports and analyses and related communications liberally quoted and referenced in the Complaint are "Confidential" within the meaning of the Protective Order. If Plaintiff wanted to challenge Citibank's designations, the Protective Order provided a mechanism for him to do so. (*Id.* ¶¶ 26–27.) He never did, despite knowing for months that (i) he was going to be filing his Complaint by June 1 (*see* Gueli Decl. ¶¶ 16, 18–19) and (ii) the Protective Order prohibited him from "publicly fil[ing] documents or disclos[ing] information designated as 'Confidential' without prior consent of the designating party or a court order" (ECF 33 at 7 n.7). Instead, on May 31 — the day before he filed his Complaint — Plaintiff requested Citibank's blanket consent to the disclosure of all of its Confidential discovery material. (Gueli Decl. ¶ 20 & Ex. A.) Citibank declined, reiterating its view that the discovery it had produced to Plaintiff was clearly subject to the protections of the Protective Order. (*Id.*)[12]

---

[12] Plaintiff is so desperate to cloud the (non)issues presented by his remand motion that, in addition to complaining of Citibank's declination to accede to his demands in this respect, he (i) revives supposed grievances about Citibank's response to a *2017* document subpoena (*see* ECF 33 at 3–4), even though not even Plaintiff suggests that his claimed lingering dissatisfaction with Citibank's 2017 document production was ever a subject of discussion in 2021-22 (Gueli Decl. ¶ 6), and (ii) criticizes Citibank's initial redactions to certain of its documents, even though he acknowledges that those issues were addressed and corrected by its current counsel (*see* ECF 33 at 5–6; Gueli Decl. ¶ 13). He further complains about Citibank's response to his 2021 subpoenas (*see* ECF 33 at 6) — in connection with which he was at one point demanding *17* deponents and document custodians. (Gueli Decl. ¶¶ 12, 15.) Citibank agreed to produce documents from 12 custodians from across the bank's business, compliance, credit, and investigation functions. (*Id.* ¶ 12.) In response to Plaintiff's deposition subpoena, which had been granted based on his request for testimony "concerning money laundering or other fraudulent, suspicious or illegal activity on the part of Nissen and/or any other person associated with Nissen and/or the Debtors," Citibank produced the FIU analyst who had primary responsibility for first analyzing Nissen's and the Debtors' transactions and subsequently recommended closure of their accounts. (*Id.* ¶¶ 14, 17.) Citibank also explored the possibility of offering additional witnesses; through no fault of Citibank, however, none turned out to be feasible before Plaintiff filed his Complaint. (*Id.* ¶¶ 18–19.) But all of this is beside the point as to the propriety of removal.

Nor is there any merit to the assertion that Plaintiff's as-filed redacted Complaint "omits so much substance that Citibank essentially failed to file any complaint with the Notice of Removal at all" and therefore "it is impossible to even ascertain from Citibank's Notice of Removal the heart of Plaintiff's claims purportedly being removed to this Court." (ECF 33 at 15.)  The as-filed redacted Complaint attached to Citibank's June 21 Notice of Removal duly recited those claims, including that "[t]his action seeks to hold Citibank responsible for aiding and abetting a massive $70 million fraud perpetrated by Jason Nissen, the former CEO of National Events of America, Inc. and its affiliates" (ECF 1-1 ¶ 1), and that, according to Plaintiff, "Citibank figured out that Nissen was engaged in fraud long before he was arrested in May 2017 and later pled guilty" (*id.* ¶ 2), and Nissen's relationship manager and small business banker "substantially assisted Nissen with his fraudulent schemes" (*id.* ¶ 7).  Both causes of action alleged by Plaintiff and the damages he was seeking were clearly stated.  (*Id.* ¶¶ 245–66.)

Given this, there is no basis for Plaintiff's claim of supposed "prejudice."  Putting aside that Plaintiff does not and could not claim that *he* suffered any prejudice from the initial non-inclusion of the unredacted Complaint with Citibank's Notice of Removal, that did not "'leave[] the public unaware that a claim ha[d] been leveled.'"  (ECF 33 at 14, quoting *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).)  Unlike in *Bernstein*, where the entire complaint was under seal and not even a redacted version was filed on the public docket, Plaintiff's as-filed redacted Complaint plainly revealed what this dispute is about.  Moreover, and also unlike *Bernstein* and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), both of which involved efforts to permanently keep filings entirely under seal, Citibank has proceeded in accordance with the dictates of *Lugosch*, the State Court's

15

direction, and this Court's Individual Rules and July 13 Order (ECF 25) regarding the circumstances under which portions of judicial documents may be sealed.  (*See* ECF 29.)

No allegations pertinent to diversity jurisdiction were redacted in the as-filed version of the Complaint attached to Citibank's Notice of Removal.  (*See* ECF 1-1 ¶¶ 9–14.)  *See, e.g.*, *Cardinale*, 2020 WL 3046396, at *3–4.  Moreover, the vast majority of those redactions (by Plaintiff's own admission, *see* ECF 33 at 11) have now been unmasked on the public docket. (*See* ECF 31.)  The since-remedied initial non-inclusion of the unredacted Complaint with Citibank's Notice of Removal simply provides no justification for remand.  *See, e.g.*, *Gerber v. FCA US LLC*, 2017 WL 2705428, at *5 (S.D. Cal. June 23, 2017) ("[T]he weight of authority provides that the Court should not remand for defects in the removal procedure where the pleadings that are attached to the notice of removal provide the Court with sufficient information from which it can evaluate whether federal jurisdiction exists."); *Presnell v. Cottrell, Inc.*, 2009 WL 4923808, at *4 (S.D. Ill. Dec. 14, 2009) ("The omission of documents required to be filed with the notice of removal does not require remand if the Court is able to determine its jurisdiction from the documents filed and the plaintiff is not prejudiced by the omission.").

## CONCLUSION

Plaintiff's remand motion should be denied.

Dated: New York, New York
      July 27, 2022

SHEARMAN & STERLING LLP

By:  _____
    Adam S. Hakki
    John Gueli
    Katherine J. Stoller
    Randall Martin

    599 Lexington Avenue
    New York, NY  10022-6069

16

Telephone: (212) 848-4000
Facsimile: (212) 848-7179
adam.hakki@shearman.com
jgueli@shearman.com
katherine.stoller@shearman.com
randall.martin@shearman.com

*Attorneys for Defendant Citibank, N.A.*

2023191939.8