USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
KENNETH P. SILVERMAN, *The Chapter 7* :
*Trustee of the Jointly Administered Estates of* :
*National Events Holdings, LLC, and its Affiliated* :     1:22-cv-5211-GHW
*Debtors*, :
:
: MEMORANDUM OPINION
Plaintiff, :    AND ORDER
:
-v - :
:
CITIBANK, N.A., :
:
Defendant. :
:
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

This case was originally filed in New York state court on June 1, 2022. Defendant filed a notice of removal in this Court on June 21, 2022. Together with its notice of removal, Defendant filed the redacted complaint that had been filed in state court, but Defendant did not file the unredacted complaint. Defendant eventually filed the unredacted complaint in this Court, but only after Plaintiff argued that its failure to do so rendered the removal invalid under 28 U.S.C. § 1446, which requires that a defendant file with its notice of removal "all . . . pleadings . . . served upon such defendant." Plaintiff now moves to remand on the grounds that Defendant did not comply with that statute. Because Defendant filed the unredacted complaint within the 30-day removal period, the Court DENIES Plaintiff's motion to remand.

**I.    BACKGROUND**

Plaintiff filed this case in New York Supreme Court, County of New York, on June 1, 2022. Dkt. No. 1 ("Notice of Removal") ¶ 1; Dkt. No. 1-1. Plaintiff filed several documents in state court that day, including a redacted complaint and a proposed order to show cause requesting that the state court permit Plaintiff to file the unredacted version of the complaint under seal and to publicly

file a redacted version of the complaint. Dkt. No. 1 at ¶¶ 1–2.

At 11:39 p.m. on June 1, 2022, Plaintiff's counsel emailed Defendant's counsel the redacted complaint, unredacted complaint, and the proposed order to show cause, among other documents. Dkt. No. 38-2. That email stated, in relevant part, "Please advise if you will accept service of the summons and complaint on behalf of Citibank, N.A." *Id.* That email also stated that the unredacted complaint was "to be filed under seal" and "was not filed on the public docket." *Id.* The next day, on June 2, 2022, Plaintiff's counsel sent another email to defense counsel, asking "Are you accepting service of the summons and complaint?" Dkt. No. 38-3 at 2. Defendant's counsel responded on June 2, 2022, stating that they could accept service in exchange for 45 days to respond to the complaint, and asking Plaintiff's counsel if the parties had a deal. *Id.* Plaintiff's counsel responded with one word—"deal"—in an email sent on June 2, 2022. *Id.*

On June 7, 2022, the state court denied without prejudice Plaintiff's application to file the unredacted complaint under seal and directed the parties to limit the proposed redactions. Dkt. No. 1-7 at 2. The state court also directed Plaintiff to properly serve the unredacted complaint on Defendant and to file proof of service. *Id.*

The parties later drafted and filed a stipulation in New York state court that, in relevant part, waived Defendant's defenses, claims, rights, or objections "based solely on lack of proper service of process." Dkt. No. 1-8 (the "Stipulation") at 2. In its recital paragraphs, the Stipulation describes Plaintiff's service of the complaint upon Defendant. One recital paragraph states "**WHEREAS**, on June 1, 2022, Plaintiff served Defendant's undersigned counsel via electronic mail" with the summons, the redacted and unredacted copies of the complaint, and other papers. *Id.* at 1. Another recital paragraph states "**WHEREAS**, on June 2, 2022, the Parties agreed in principle that Defendant would accept service of the Complaint through its undersigned counsel via electronic mail . . . ." *Id.* at 2. The remainder of the Stipulation does not discuss the timing of service. *Id.* at

2

2–3.

On June 21, 2022, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. Dkt. No. 1. Defendant filed fifteen documents alongside its notice of removal in this Court, including the redacted complaint that Plaintiff had filed in state court. Dkt. No. 1-1. Defendant's filing did not, however, include the unredacted complaint. *See* Dkt. No. 1.

On July 5, 2022, Plaintiff filed a letter requesting a pre-motion conference to discuss a proposed motion to remand. Dkt. No. 17. Plaintiff's letter argued that this action should be remanded to state court because Defendant had failed to file the unredacted complaint in this Court and Defendant's time to do so had expired. *Id.* On the evening of July 5, 2022, Defendant filed the unredacted complaint under seal, along with a letter motion requesting leave to file the unredacted complaint under seal. Dkt. Nos. 20, 21. The Court held a conference on July 12, 2022. Dkt. No. 24; July 12, 2023 Dkt. Entry. The Court denied Defendant's motion to seal the entire unredacted complaint, with leave to file a new motion to seal by July 19, 2022. Dkt. No. 25. Defendant filed a new motion to seal on July 19, 2022. Dkt. Nos. 29, 30.

Plaintiff filed his motion to remand on July 20, 2022. Dkt. No. 32. Plaintiff's motion argues that remand is required because Defendant did not attach the unredacted complaint to the notice of removal and did not cure that procedural defect within the 30-day removal period. *See generally* Dkt. No. 33 ("Pl.'s Mem."). On July 27, 2022, Defendant filed an opposition to the motion to remand. Dkt. No. 37 ("Opp'n"). On August 3, 2022, Plaintiff filed a reply in support of the motion to remand. Dkt. No 40 ("Reply"). The parties also submitted declarations in support of their briefing. *See* Dkt. Nos. 34, 38, 41.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1446(a), a defendant that seeks to remove an action from state court to federal court "shall file" in the federal court a notice of removal containing "a short and plain

3

statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . ." The defendant must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). The "commencement of the removal period" is "triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349–56 (1999)).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (citations omitted). "Unless that burden is met, the case must be remanded back to state court." *Id.* (citation omitted). In addition, "statutory procedures for removal are to be strictly construed," and the Court must "resolv[e] any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (citation omitted).

### III. DISCUSSION

A defendant that seeks to remove an action "shall file" in the federal court "a copy of all process, pleadings, and orders served upon such defendant . . . ." 28 U.S.C. § 1446(a). The unredacted complaint is a pleading that was served upon Defendant. *See* Fed. R. Civ. P. 7(a). Thus, Defendant was required to file the unredacted complaint in this Court within 30 days after service of the pleading, even though Plaintiff did not file the unredacted complaint in state court. *See* 28 U.S.C. § 1446(a)–(b); *see also Matter of Proceeding for Support Under Fam. Ct. Act*, 2017 WL 6327549, at *3 n.5 (E.D.N.Y. Dec. 11, 2017) ("The removal statute requires the submission of all 'pleadings[ ] and orders' served upon [the defendant] and not necessarily filed with the state court." (citation omitted)). The 30-day removal period begins when the defendant is properly served or has waived formal service of process. *See Stetson Real Est. LLC v. Sentinel Ins. Co., Ltd.*, 2021 WL 84309, at *2

(S.D.N.Y. Jan. 11, 2021) (citing *Murphy Bros.*, 526 U.S. at 350).

Here, the parties do not dispute that service has been properly effected. They dispute whether service was effected on June 1, 2022, or sometime after June 1, 2022. If proper service was completed on June 1, then the 30-day removal period would have expired on Friday, July 1, 2022, making Defendant's July 5, 2022 filing of the unredacted complaint untimely. *See* Fed. R. Civ. P. 6(a). If proper service was completed after June 1, 2022, then—because of the intervening weekend and the Independence Day holiday on July 4, 2022—the earliest day the 30-day removal period could have expired was July 5, 2022. *See id.* Under this latter scenario, Defendant's filing of the unredacted complaint on July 5, 2022 would be timely. As explained below, because service was not properly effected on June 1, 2022, Defendant's filing of the unredacted complaint on July 5, 2022 was timely.

Plaintiff's counsel emailed the summons and complaint, among other documents, to Defendant's counsel on June 1, 2022. However, the mere receipt of these documents by Defendant's counsel, unattended by formal service, does not start the removal period. *See Whitaker*, 261 F.3d at 202 (citation omitted); *see also Murphy Bros.*, 526 U.S. at 347–48. And as Plaintiff recognizes, the New York C.P.L.R. does not permit this type of email service in all cases as a matter of course. *See* Reply at 10 (recognizing that "the CPLR does not yet expressly allow electronic service of process in all cases"); *see also* N.Y. C.P.L.R. 311.

A defendant may, however, waive formal service of process or agree to receive service of process by email. *See, e.g.*, N.Y. C.P.L.R. 3211(e) (providing for waiver of objection to proper service of the summons and complaint); 22 N.Y.C.R.R. Part 202.5-b(f)(1) (providing for service by email "if the party served agrees to accept such service"). A court may also order alternative service. *See e.g.*, *GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17 CIV. 05305 (AKH), 2017 WL 11570459, at *1 (S.D.N.Y. Sept. 13, 2017) (noting that the "New York CPLR also allows for so-called alternative

5

service when traditional service is 'impracticable'" (citation omitted)). Plaintiff does not contend there was any pre-existing agreement between the parties permitting email service upon Defendant's counsel or that Plaintiff had prior court authorization permitting service by email. Nor does the record reflect such an agreement or authorization. This is made plain by the fact that Plaintiff's counsel asked defense counsel on June 1, 2022 to "[p]lease advise if you will accept service of the summons and complaint on behalf of Citibank, N.A." Dkt. No. 38-2. After all, if there had been a pre-existing agreement or court authorization to permit service by email on defense counsel, Plaintiff's counsel would not have needed to ask defense counsel to "advise" if Defendant would accept service by email.

The Stipulation that the parties filed in New York state court on June 14, 2022, does not establish that Defendant was served on June 1, 2022. *Cf.* Pl.'s Mem. at 16–18. One of the Stipulation's recitals states that on "June 1, 2022, Plaintiff served Defendant's undersigned counsel via electronic mail . . . ." Dkt. No. 1-8 at 1. However, without a pre-existing basis for service by email, the "service" on June 1, 2022, was akin to a courtesy copy, which under *Murphy Brothers*, does not start the clock for removal. *See Murphy Bros.*, 526 U.S. at 347–48. In any event, a different recital paragraph states that "the Parties agreed in principle that Defendant would *accept service* of the Complaint through its undersigned counsel via electronic mail" on June 2, 2022. *Id.* at 3 (emphasis added). The Stipulation filed in New York state court therefore reflects that formal service did not occur until after June 1, 2022.

In any case, the recital paragraphs of the Stipulation on which Plaintiff relies do not establish definitively the date on which Defendant was served. Under New York law, recital paragraphs do not create or modify substantive rights on their own. *RSL Commc'ns, PLC v. Bildirici*, 2010 WL 846551, at *4 (S.D.N.Y. Mar. 5, 2010) ("New York law holds that a 'whereas' clause can be used to clarify the meaning of an ambiguous contract, but cannot be used to modify or create substantive

6

rights not found in the contract's operative clauses." (citations omitted)); *see also Ross v. Ross*, 253 N.Y.S. 871, 882 (1st Dep't 1931) ("The recitals in a contract form no part thereof, and at most indicate but the purposes and motives of the parties." (citations omitted)). The Stipulation's operative clauses state that defense counsel "has accepted service" of the summons and complaint on behalf of Defendant via email; that Defendant waived defenses based solely on lack of proper service of process; and that Defendant's deadline for answering or otherwise responding to the complaint would be July 18, 2022. *See* Dkt. No. 1-8. The operative clauses of the Stipulation do not state that Defendant accepted service on any particular date, and they do not represent that the recitals form part of the parties' agreement. *Id.* Thus, the language in the recital paragraphs does not modify the actual date of service, regardless of Plaintiff's argument that Defendant "expressly stipulated in writing that the June 1 Service occurred on June 1, 2022" based on the inclusion of the June 1, 2022 date in the recital paragraphs. Pl.'s Mem. at 16.

Plaintiff is correct that § 202.5-b of the Uniform Rules for the New York State Trial Courts provides for electronic service of initiating documents. However, as Plaintiff acknowledges, electronic service of initiating documents is permitted where a party has agreed to accept such service. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 202.5-b(f)(1) ("Initiating documents may be served in hard copy . . . or by electronic means if the party served agrees to accept such service."); Pl.'s Mem. at 18 (stating that Part 202 "allows for electronic service of initiating documents upon consent of the parties"). As outlined above, Defendant's counsel did not respond to Plaintiff's request for consent to email service until after June 1, 2022. Section 202.5-b therefore will not carry Plaintiff's argument that service occurred on June 1, 2022.

Plaintiff cites a number of cases to support his argument that email service was effective as of June 1, 2022, when the complaint was emailed to Defendant's counsel. These cases are not on point and ultimately unavailing. For example, many of the cases Plaintiff cites involved situations

7

where—unlike here—there was a preexisting understanding regarding service by email. *See, e.g.*, *Knopf v. Sanford*, 55 N.Y.S.3d 214, 215 (1st Dep't 2017) (determining service of note of issue by email was valid where the "notice of appearance expressly requested such service" and the record established "a pattern of email service between opposing counsel"); *Alfred E. Mann Living Tr. v. ETIRC Aviation S.a.r.l.*, 910 N.Y.S.2d 418, 420–22 (1st Dep't 2010) (finding email service of motion effective where the parties' contracts authorized service by email); *Cambridge Packing Co., Inc. v. Lajaunie*, No. 150942/2021, 2021 WL 5331559, at *1 (N.Y. Sup. Ct. Nov. 16, 2021) (stating that service was effected "by transmitting" the papers by email where respondent had previously consented to email service on the record in open court and the court directed that service be made by email under New York C.P.L.R. 308(5)); *DMF NYC LLC v. Wyndham Pointe Project LLC*, 2021 WL 3732640, at *1 (N.Y. Sup. Ct. Aug. 18, 2021) (noting that plaintiff served the summons and complaint by email pursuant to an agreement). These cases do not support Plaintiff's argument that service should deemed to have been completed at the time of transmittal even when the agreement to service by email is arrived at after transmittal.

Rule 306(e) of the New York C.P.L.R. likewise does not support Plaintiff's argument that service was complete on June 1, 2022. Rule 306(e) states that "[a] writing admitting service by the person to be served is adequate proof of service." Plaintiff claims that the Stipulation "is a writing, admitting service by Citibank, of the Unredacted Complaint, on June 1, 2022." Pl.'s Mem. at 18. On its face, Rule 306(e) concerns proof of service and does not address the timing of service. The parties here do not dispute the validity of the service effectuated upon Defendant, only the date of such service. And for the reasons stated above, the Stipulation—the writing purportedly admitting service to which Plaintiff refers—does not establish that service occurred on June 1, 2022.

Plaintiff's arguments regarding Defendant's failure to comply with the Court's individual rules pertain to the propriety of Defendant's motion to seal the unredacted complaint. *See* Pl.'s

8

Mem. at 20. Plaintiff highlights Defendant's failure to seek his consent or meet and confer prior to filing the first motion to seal, and that Defendant failed to narrowly tailor the sealing request. *Id.* These arguments are moot because the Court denied Defendant's motion to seal on July 13, 2022, and Defendant has since filed a second motion to seal. Dkt. Nos. 25, 29. More importantly, the denial of Defendant's first motion to seal the unredacted complaint does not negate the fact that Defendant "file[d]" the unredacted complaint in this Court on July 5, 2022. *See* 28 U.S.C. § 1446(a) (providing that defendant "shall file" in the federal court the pleadings served upon the defendant). Because the Court finds that service was not completed on June 1, 2022, Defendant's filing of the unredacted Complaint on July 5, 2022, was timely.

Finally, the Court notes that Plaintiff's motion for remand is not founded upon an argument that the Court lacks subject matter jurisdiction. *Cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Although Plaintiff argues that diversity jurisdiction "may be destroyed as discovery proceeds in the Action," Plaintiff does not dispute that the Court has diversity jurisdiction at this time. *See* Reply at 2.

## IV.  CONCLUSION

The Court finds that proper service, which is not itself disputed, was not completed on June 1, 2022. As a result, Defendant's 30-day removal window did not expire until, at the earliest, July 5, 2022. Because Defendant filed the unredacted complaint within that window, Defendant's removal satisfies 28 U.S.C. § 1446. Plaintiff's motion to remand is therefore DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 32.

SO ORDERED.

Dated: March 31, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge