```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                :
KENNETH P. SILVERMAN, *Esq.*,                                   :
                                                                :
                                            Plaintiff,          :           1:22-cv-5211-GHW
                                                                :
                          -v –                                  :           ORDER
                                                                :
CITIBANK, N.A.,                                                 :
                                                                :
                                            Defendant.          :
                                                                :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

In 2022, Defendant filed a series of three motions to seal in this matter.  On July 19, 2022,

Defendant filed a motion to seal portions of the complaint.  Dkt. No. 29 ("Def's First Motion").  On

August 23, 2022, Defendant filed a second motion to seal portions of its motion to dismiss the

complaint, as well as portions of exhibits 1–4 and 12 to its declaration in support of its motion to

dismiss.  Dkt. No. 43 ("Def's Second Motion").   In this motion, Defendant asserted that its motion

to dismiss and exhibits contained sensitive information addressed by Federal Rule of Civil Procedure

5.2 and the Court's Individual Rule 4(A)(i), in addition to some of the same information it proposed

to redact from the complaint.  *Id.*  On October 4, 2022, Defendant filed a third motion to seal

portions of its reply memorandum in support of its motion to dismiss, asserting that the reply

memorandum contained some of the same information it proposed to redact from the complaint.

Dkt. No. 53 ("Def's Third Motion").

On March 31, 2023, the Court entered two orders rejecting most of the proposed redactions

requested in Def's First Motion and Def's Second Motion but granting the proposed redactions to

sensitive information addressed by Federal Rule of Civil Procedure 5.2 and the Court's Individual

Rule 4(A)(i).  The Court invited the parties to submit further briefing on the issue of whether the

proposed redactions to paragraphs 4 and 96 of the complaint are required by 31 U.S.C. § 5318(g)

(the "Bank Secrecy Act") and/or 31 C.F.R. § 1010.540(b)(i)-(ii) (the "Patriot Act").  Dkt. No. 61. On April 14, 2023, instead of submitting the briefing requested by the Court, Defendant submitted a letter notifying the Court that the parties "stipulated" to the redaction of paragraphs 4 and 96 of the complaint.  Dkt. No. 63 ("Def's April 14 Letter").  For the following reasons, the Court denies Defednant's proposed redactions to paragraphs 4 and 96 of the complaint.

In *Mirlis v. Greer*, the Second Circuit summarized three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to "determine the weight of the presumption of access to that document.""  *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Having evaluated these factors with respect to the proposed redactions to paragraphs 4 and 96 of the complaint, the Court denies Defendant's request to file these portions of the complaint under seal.  The document sought to be sealed is a judicial document.  Because the information at issue here is contained in a complaint, the weight of the presumption is very high.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).  The countervailing interests identified by Defendant do not outweigh the presumption of public access with respect to

these portions of the complaint.

As an initial matter, instead of submitting the invited supplemental briefing on the application of the Bank Secrecy Act and the Patriot Act to the proposed redactions, Defendant proffered only that the parties "stipulated" to the proposed redactions.  Def's April 14 Letter.  But "[t]he presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).  Therefore, bargained-for confidentiality agreements between the parties do not overcome the presumption of public access to judicial documents.  *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[T]he presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private." (quoting *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 338 (S.D.N.Y. 2012)).  Therefore, the parties' agreement to maintain the confidentiality of this information is not dispositive.

Second, Defendant cites to no authority that would allow the Court to determine that Plaintiff—the party that has disclosed this information in the complaint—is required to comply with 31 U.S.C. § 5318(g) or 31 C.F.R. § 1010.540(b)(i)-(ii).  The plain language of the Bank Secrecy Act "enumerate[s] a universe of individuals to whom the prohibition against disclosure applies," which does not include third parties like Plaintiff.  *In re JPMorgan Chase Bank, N.A.*, 799 F.3d 36, 42 (1st Cir. 2015) (finding that the Bank Secrecy Act's "specific list of subject entities and individuals trumps any suggestion of a broader universe of individuals bound by the prohibition on disclosure . . . That reading also would comport with general agency principles.").  The same is true for the Patriot Act, which limits disclosures by "financial institution[s] or an association[s] of financial institutions."  31 C.F.R. § 1010.540(b)(i)-(ii).

Third, lacking the benefit of any advocacy from the parties on this issue, the Court is

unconvinced that the disclosures in paragraphs 4 and 96 of the complaint would violate either the Bank Secrecy Act or the Patriot Act, even assuming that Plaintiff is required to comply with these Acts.  With respect to the Bank Secrecy Act, the language in the complaint standing alone does not reveal the existence of a suspicious activity report.  Plaintiff alleges only that Citibank "reported its concerns to the Financial Crimes Enforcement Network" and that it was "required to report [its] knowledge and suspicions about Nissen's conduct to the proper law enforcement and/or banking authorities."  Dkt. No. 21 ¶ ¶ 4, 96.  This language alone does not plainly identify the existence of a suspicious activity report.  With respect to the Patriot Act, although the complaint mentions that Citibank made a Patriot Act request, the Patriot Act does not limit disclosure of the fact a request was made, but rather of the "information received" pursuant to the request.  31 C.F.R. § 1010.540(b)(i).

For the foregoing reasons, the remaining proposed redactions to paragraphs 4 and 96 of the complaint requested in Def's First Motion are denied.  Additionally, Defendant confirmed in its April 14, 2023 letter that the Court's March 31, 2023 orders disposed of all other outstanding redaction requests, such that there remain no other "live disputes between the parties related to sealing."  Def's April 14 Letter.  Def's Third Motion is therefore also denied, for the reasons stated in the Court's March 31, 2023 orders.

Plaintiff is ordered to file an unredacted version of its complaint within 14 days of this order. Defendant is ordered to file an unredacted version of its memorandum of law in support of its motion to dismiss and its reply memorandum of law in support of its motion to dismiss within 14 days of this order.  Defendant is also ordered to file versions of exhibits 1–4 and 12 to its declaration in support of its motion to dismiss, unredacted but for sensitive information addressed by Federal Rule of Civil Procedure 5.2 and the Court's Individual Rule 4(A)(i), within 14 days of this order.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 53 and 63.

SO ORDERED.

Dated:  September 29, 2023
      New York, New York

                                    _____
                                       GREGORY H. WOODS
                                  United States District Judge

5