UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH P. SILVERMAN, ESQ., the Chapter 7 Trustee of the Jointly Administered Estates of National Events Holdings, LLC and its Affiliated Debtors,<br><br>                  Plaintiff,<br><br>      v.<br><br>CITIBANK, N.A.,<br><br>                  Defendant. | Case No. 22-cv-05211 (DEH)<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties (together, the "Parties," and each, a "Party") in the above-captioned case (the "Action") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality and protective order (the "Stipulation and Order" or the "Agreement") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with this Action:

1.    Counsel for any producing Party may designate any information of any kind provided in the course of discovery in this Action ("Discovery Material"), in whole or in part, as "Confidential" ("Designated Material") in accordance with the following provisions:

        a.    A producing Party may designate Discovery Material as "Confidential" if such producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material

1

      as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party that can be protected under Federal Rule 26(c).

  b. Confidential Discovery Material shall not include information which: (a) is or subsequently comes into the public domain through no breach of this Agreement by the reviewing Party; (b) was a document already in the possession of the reviewing Party; (c) is or becomes rightfully available to the reviewing Party on a non-confidential basis from any third party, the disclosure of which to the reviewing Party does not violate any contractual or legal obligation said third party has with respect to such information; (d) the reviewing Party had in its possession prior to disclosure by the disclosing Party and which had not previously been obtained from the disclosing Party or another person under an obligation of confidentiality to the disclosing Party; or (e) is independently developed by the reviewing Party without the benefit of any Confidential information.

 2. Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the producing Party as such by marking each such page "Confidential". Such markings should not obliterate or obscure the content of the material that is produced. Native file documents may be designated as "Confidential" by including such terms (or similar terms) in the file name thereof. Discovery Material produced prior to the execution of this Stipulation and Order pursuant to an agreement that such Discovery Material would be treated as "Confidential," including the productions made by defendant to plaintiff in connection with the bankruptcy proceedings of National Events Holdings, LLC and its affiliated debtors, shall be treated as "Confidential" pursuant to this Stipulation and Order notwithstanding such Discovery Material not bearing such markings. A Party that was not the producing Party may designate Discovery Material by providing written notice to all receiving Parties that such Discovery Material is "Confidential".

 3. The failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Stipulation and Order

("Misdesignated Material"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the producing Party, a receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Stipulation and Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation. Moreover, a later designation does not waive a Party's right to challenge the designation.

4. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court (pursuant to the Court's Individual Practices, where applicable). However, it is the burden of the Party or person that designated the information as Confidential to establish that the information meets the requirements for protection under Federal Rule 26(c). Nothing in this Stipulation and Order constitutes an admission by any Party that Confidential information or Discovery Material disclosed in this Action is relevant or admissible.

Each Party reserves the right to object to the use or admissibility of the Confidential information or any Discovery Material.

5. Any Discovery Material may be used by the non-producing Party solely for the purposes of this Action and shall not be used for any other purpose or in any other action or litigation. Moreover, documents designated as "Confidential" shall not be disclosed by the non-producing Party to any person, except:

(a) the Parties to this Action;

(b) counsel retained specifically for this Action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this Action, and any third-party vendors engaged by counsel for the purpose of managing documents and/or data related to this Action;

(c) in-house counsel for defendant;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action with respect to the designated document, provided such person has first executed the form annexed as Exhibit A hereto;

(f) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed the form annexed as Exhibit A hereto;

(g) stenographers engaged to transcribe depositions conducted in this Action; and

(h) the Court and support personnel.

6. Prior to any disclosure of any Confidential information to any person referred to in subparagraph 5(e) or (f) above, such person shall be provided by counsel with a copy of this Stipulation and Order and shall sign and execute the form annexed as **Exhibit A** hereto, stating that that person has read this Stipulation and Order and agrees to be bound by its terms. Said counsel shall retain each signed form.

7. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. In the event that a receiving Party intends to file with the Court any document containing or disclosing materials designated as Confidential pursuant to this Order, then such Party shall (i) obtain the advance written consent of the designating Party to the disclosure of such materials; (ii) obtain an Order of the Court, after reasonable written notice and a reasonable opportunity for the designating Party to be heard, permitting the disclosure of such materials; or (iii) file versions redacting the material designated as Confidential and simultaneously seek the approval of the Court to file unredacted copies under seal.

9. The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the producing party together with any other parties who have expressed interest in participating in such meet and confer to discuss ways to redact the

Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence. If the Parties are unable to resolve a dispute related to such Designated Material, then the producing Party bears the burden of requesting relief from the Court and, if such relief is denied, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

10. For the sake of clarity, the filing Party is not required to file a document under seal if the Confidential information contained or reflected in the document was so designated solely by the filing Party. Should a filing Party file its own Confidential information publicly, that information shall no longer be considered "Confidential" for any purpose. Also, for the sake of clarity, when the filing Party is the Party or person that has designated information as Confidential, it shall have the full burden of justifying the sealing or redaction of the materials, and the Parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

11. Absent further order of the Court, any third party that produces information in this Action shall be deemed a producing Party for purposes of this Stipulation and Order. Such third party shall have the same rights and obligations as a Party that is a producing Party. In the event a third party produces information in response to a subpoena or request, any Party receiving such information from the third party shall ensure that the other Party receives copies of the third party's production as soon as reasonably practicable, and in no event later than five (5) business days from the date of the receiving Party's receipt of such production.

12. Deposition Testimony - Manner of Designation: In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

    a. Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

    b. Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 16 below. Until expiration of the aforesaid seven (7) or three (3) day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise designated by counsel to any Party or non-Party on the record at the deposition or in writing.

13. Nothing in Paragraph 12 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

14. Nothing in Paragraph 12 hereof shall preclude the witness from reviewing his or her deposition transcript.

15. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulation and Order shall, upon request, be excluded from the portion of the deposition so designated.

16. In the event that testimony is designated as Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend

"Confidential". If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential", if any portion of the transcript itself is so designated.

17. Discovery Material produced by a Party pursuant to Bankruptcy Rule 2004 in the bankruptcy action titled *In re National Events Holdings, LLC*, Case No. 17-11556 (JLG) (Bankr. S.D.N.Y.) shall continue to be governed by the Confidentiality Agreement and Stipulated Protective Order, signed by the Bankruptcy Court on October 6, 2017, and this Stipulation and Order; provided, however, that if there is a conflict between the orders, then this Stipulation and Order shall govern, and any enforcement or disputes related to either order shall be resolved by this Court if such enforcement or dispute arises in connection with this proceeding.

18. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Stipulation and Order by application on notice on any grounds.

19. In the event of a disclosure by a receiving Party of Designated Material to persons or entities not authorized by this Stipulation and Order to receive such Designated Material, the receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Stipulation and Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom

the disclosure was made; and immediately notify the producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Stipulation and Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

20. If any receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving Party shall first raise the objection with the producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Stipulation and Order.  The receiving Party may seek relief from the Court if the receiving Party and the producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation.  Upon motion, the Court may order the removal of the "Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Stipulation and Order.  In connection with any request for relief concerning the propriety of a "Confidential" designation, the producing Party shall bear the burden of proof.

21. A receiving Party shall not be obliged to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a producing Party of Discovery Material as "Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

22. This Stipulation and Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine, or any statutory or other legal protection from or prohibition against disclosure ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege, protection, or prohibition. Within a reasonable period of time after a producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the receiving Party disputes the privilege, protection, or prohibition claim, it must notify the producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege, protection, or prohibition applies. The producing Party must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved, and may not argue that the inadvertent

production is a basis for rejecting the producing Party's claim of privilege, protection, or prohibition.

23. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

24. At the conclusion of the Action, Discovery Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected by this Stipulation and Order.

25. Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Stipulation and Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Stipulation and Order.

26. Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to discovery requests or asserting that information being sought in discovery requests is of such a confidential, personal or proprietary nature that discovery should not be afforded or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

27. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential information if otherwise required by law or pursuant to a valid subpoena; *provided*, *however*, that prior to such disclosure the producing Party shall be provided reasonable advance notice of the proposed disclosure and a reasonable opportunity to object to such disclosure as reasonably appropriate under the circumstances (which, in the event of a subpoena, shall typically include at least 10 business days' notice and the opportunity to object to or to move to quash the subpoena).

28. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Action and, in the course thereof, relying on examination of Discovery Material; *provided*, *however*, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

29. The provisions of this Stipulation and Order shall survive the termination of this Action and constitute an Order of this Court. Violations of the provisions of this Stipulation and Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

Dated: New York, New York
      April 2, 2024

| KASOWITZ BENSON TORRES LLP | SHEARMAN & STERLING LLP |
|---|---|
| By: /s/ Katherine C. Gauthier (on consent)<br>    Howard W. Schub<br>    Michele L. Angell<br>    Dwayne A. Amos<br>    Katherine C. Gauthier | By: /s/ John Gueli<br>    Adam S. Hakki<br>    John Gueli<br>    Katherine J. Stoller<br>    Randall Martin |
| 1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800 | 599 Lexington Avenue<br>New York, NY 10022-6069<br>Telephone: (212) 848-4000<br>Facsimile: (212) 848-7179 |
| *Attorneys for Kenneth P. Silverman,*<br>*Esq., Chapter 7 Trustee* | *Attorneys for Defendant Citibank, N.A.* |

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED.**

Dated: April 3, 2024
      New York, New York

                                                      Hon. Dale E. Ho
                                                      United States District Judge

**EXHIBIT A**

**<u>Agreement</u>**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Silverman v. Citibank, N.A.*, Case No. 22-cv-05211 (DEH) (S.D.N.Y.) and/or *In re National Events Holdings, LLC*, Case No. 17-11556 (JLG) (Bankr. S.D.N.Y.) have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information or other Discovery Material for any purpose other than this Action.

Dated: _____ \_\_ , 20\_\_

| Name (Printed) | Signature |
|---|---|

Signed in the presence of:

Attorney