**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| Kenneth P. Silverman, Esq., The Chapter 7 | : | |
| Trustee of the Jointly Administered Estates of | : | |
| National Events Holdings, LLC, and Its Affiliated | : | Case No. 1:22-cv-05211-DEH |
| Debtors, | : | |
| | : | |
| Plaintiff, | : | **ORAL ARGUMENT REQUESTED** |
| | : | |
| -against- | : | |
| | : | |
| Citibank, N.A. , | : | |
| | : | |
| Defendant. | : | |
|_____| : | |

**DEFENDANT CITIBANK, N.A.'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Adam S. Hakki
John Gueli
Katherine J. Stoller
Randall Martin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

_Attorneys for Defendant Citibank, N.A._

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .......................................................................................................................2

    I.   Citibank's Affirmative Defense Of Champerty Is Not An Improper
        Collateral Attack On The Bankruptcy Court's 9019 Orders ...............................2

        A.  Citibank's Champerty Defense Is Not Barred By *Res Judicata* ...................2

              1.  *Res Judicata* Does Not Insulate The Hutton Assignment.......................3

              2.  *Res Judicata* Does Not Insulate The Falcon And Taly Assignments .....5

        B.  Citibank's Champerty Defense Is Not Barred By Collateral Estoppel.........6

    II.  Plaintiff's Attempts To Defend The Hutton, Falcon, and Taly Assignments
        On The Merits Should Be Rejected .....................................................................7

        A.  Plaintiff Does Not Identify A Proper Primary Purpose
            For The Hutton, Falcon, And Taly Assignments..........................................7

        B.  The Hutton, Falcon, And Taly Assignments Do Not Fall Within Any
            Exception To New York's Champerty Prohibition ......................................8

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alexander v. Unification Church of Am.*,
    634 F.2d 673 (2d Cir. 1980)..........................................................................4

*Allen v. McCurry*,
    449 U.S. 90 (1980)........................................................................................6

*Aretakis v. Caesars Ent.*,
    2018 WL 1069450 (S.D.N.Y. Feb. 23, 2018).............................................8

*Bellarno Int'l Ltd. v. Irving Tr. Co.*,
    165 A.D.2d 809 (1st Dep't 1990) ..............................................................10

*Bluebird Partners, L.P. v. First Fid. Bank, N.A.*,
    94 N.Y.2d 726 (2000) .................................................................................7

*Brown Media Corp. v. K&L Gates, LLP*,
    854 F.3d 150 (2d Cir. 2017)....................................................................3, 4

*BSC Assocs., LLC v. Leidos, Inc.*,
    91 F. Supp. 3d 319 (N.D.N.Y. 2015).........................................................9

*Calderera v. O'Carroll*,
    551 So.2d 824 (La. App. 1989)...................................................................7

*Campos v. Aegis Realty Mgmt. Corp.*,
    2020 WL 433356 (S.D.N.Y. Jan. 28, 2020) ..............................................3

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
    126 F.3d 365 (2d Cir. 1997)....................................................................3, 4

*Corbett v. MacDonald Moving Servs., Inc.*,
    124 F.3d 82 (2d Cir. 1997).........................................................................3

*Darling v. McDonald's Corp.*,
    2006 WL 164986 (Cal. App. Jan. 24, 2006)..............................................7

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    600 F.3d 190 (2d Cir. 2010).......................................................................3

*Ehrlich v. Rebco Ins. Exch., Ltd.*,
    225 A.D.2d 75 (1st Dep't 1996) ...........................................................................10

*Elliott Assocs., L.P. v. Banco de la Nacion*,
    194 F.3d 363 (2d Cir. 1999)...................................................................................7

*Empresa Cubana Exportadora de Azucar y Sus Derivados v. Lamborn & Co.*,
    652 F.2d 231 (2d Cir. 1981)...................................................................................9

*FragranceNet.com, Inc. v. FragranceX.com, Inc.*,
    679 F. Supp. 2d 312 (E.D.N.Y. 2010) ...............................................................10

*In re Greason*,
    2009 WL 701921 (Bankr. W.D.N.Y. Mar. 10, 2009)........................................10

*IKB Int'l S.A. in Liquidation v. Morgan Stanley*,
    2023 WL 2307489 (N.Y. Sup. Mar. 1, 2023) ......................................................8

*IMAX Sec. Litig.*,
    2011 WL 1487090 (S.D.N.Y. Apr. 15, 2011).....................................................10

*Interoceanica Corp. v. Sound Pilots, Inc.*,
    107 F.3d 86 (2d Cir. 1997)................................................................................4, 6

*Jamaica Pub. Serv. Co., Ltd. v. La Interamericana Compania De Seguros Generales S.A.*,
    262 A.D.2d 73 (1st Dep't 1999) .........................................................................10

*Justinian Cap. SPC v. WestLB AG*,
    28 N.Y.3d 160 (2016) .......................................................................................7, 8

*Kilbarr Corp. v. Bus. Sys. Inc., B.V.*,
    679 F. Supp. 422 (D.N.J. 1988) ...........................................................................6

*Leasing Control Inc. v. 500 Fifth Ave., Inc.*,
    193 A.D.3d 592 (1st Dep't 2021) .........................................................................9

*In re Lynn*,
    285 B.R. 858 (Bankr. S.D.N.Y. 2002).................................................................5

*NLRB v. United Techs. Corp.*,
    706 F.2d 1254 (2d Cir. 1983)...............................................................................4

*Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*,
    612 F. Supp. 3d 263 (S.D.N.Y. 2020).................................................................4

*In re Reagor-Dykes Motors, LP*,
    613 B.R. 878 (Bankr. N.D. Tex. 2020)..............................................................................3

*SEC v. First Jersey Sec., Inc.*,
    101 F.3d 1450 (2d Cir. 1996)....................................................................................4, 5

*Semi-Tech Litig., LLC v. Bankers Tr. Co.*,
    272 F. Supp. 2d 319 (S.D.N.Y. 2003).......................................................................3, 5

*Sharbat v. Iovance Biotherapeutics, Inc.*,
    2023 WL 34377 (S.D.N.Y. Jan. 4, 2023) ..................................................................10

*Tr. for the Certificate Holders of the Merrill Lynch Mortg. Invs., Inc. v. Love Funding Corp.*,
    591 F.3d 116 (2d Cir. 2010).....................................................................................8, 9

*Tr. for the Certificate Holders of the Merrill Lynch Mortg. Invs., Inc. v. Love Funding Corp.*,
    13 N.Y.3d 190 (2009) ..............................................................................................8, 9

*Trustpilot Damages LLC v. Trustpilot, Inc.*,
    2021 WL 2667029 (S.D.N.Y. June 29, 2021), *aff'd*,
    2022 WL 2124865 (2d Cir. June 13, 2022) ..............................................................10

*Tucker v. Arthur Andersen & Co.*,
    646 F.2d 721 (2d Cir. 1981)..............................................................................2, 3, 6

*Universal Inv. Advisory SA v. Bakrie Telecom Pte., Ltd.*,
    154 A.D.3d 171 (1st Dep't 2017) .............................................................................8

*In re Yagman*,
    2015 WL 13203927 (S.D.N.Y. Dec. 4, 2015), *aff'd sub nom. Yagman v. Kittay*,
    670 F. App'x 743 (2d Cir. 2016) ............................................................................3

*Zazzali v. Eide Bailly LLP*,
    2013 WL 6045978 (D. Idaho Aug. 9, 2013).............................................................4

*Zazzali v. Hirschler Fleischer, P.C.*,
    482 B.R. 495 (D. Del. 2012).....................................................................................4

Citibank respectfully submits this reply memorandum of law in further support of its motion for judgment on the pleadings dismissing the Complaint's Second Cause of Action.[1]

## PRELIMINARY STATEMENT

In his Opposition, Plaintiff all but concedes that the assignments in question were a champertous effort to circumvent Citibank's *in pari delicto* defense. He nevertheless contends that the patent illegality of the assignments somehow should be excused in this action because of proceedings to which Citibank was not a party and which did not address whether the assignments were champertous. Nothing in Plaintiff's Opposition deprives this Court of the authority to assess the validity of the assignments or justifies the assignments on their merits.

*First*, the Bankruptcy Court's 9019 Orders are no obstacle to dismissal, whether under a *res judicata* or collateral estoppel theory. The appropriate place and time for Citibank to challenge the assignments is here and now, before this Court where Citibank is actually being sued. Citibank was not a party in the Bankruptcy Court and was not obligated to intervene there to challenge the Hutton assignment, which was made in November 2021 and approved by the Bankruptcy Court in January 2022, because Plaintiff did not file this action until June 1, 2022. Citibank was not required to anticipatorily challenge Plaintiff's standing to sue as Hutton's assignee before Plaintiff even tried to do so. Likewise, once Plaintiff filed this action, Citibank was not required to challenge Plaintiff's efforts to secure approval of the Falcon and Taly assignments a month later, in a different court from where Citibank was being sued.

*Second*, Plaintiff's fraught assertion that assignments are champertous only if their *sole* purpose was for the assignee to sue is not the law; by making that argument, Plaintiff acknowledges that the assignments here do not satisfy the "primary purpose" test that has been

---

[1] Capitalized terms are used as defined in Citibank's opening brief ("Br.") and Plaintiff's opposition ("Opp.").

the law in New York for a century.  Indeed, Plaintiff tries to defend the assignments on the

ground that they were a part of settlement agreements — but he admits that he has *not* settled

with Taly.  And with respect to Hutton and Falcon, Plaintiff admits to the champertous reasons

for the assignments: to address how to prosecute the Bank Claims; to allocate any proceeds from

this lawsuit; and to enable the Debtors to avoid potential *in pari delicto* defenses.

*Finally*, the "preexisting proprietary interest" exception to New York's champerty

prohibition that Plaintiff cites applies only where the assignee had an independent right in the

claim that pre-dated the assignment.  Plaintiff did not, and he cannot bootstrap the assignments

into providing him a "pre-existing" interest in the Assignors' claims any more than he can

circumvent *in pari delicto* limitations by purchasing other parties' claims.

All that is needed to grant Citibank's motion is clear from the Complaint, Plaintiff's

Opposition, and the Bankruptcy Court docket, which are properly before the Court.

## **ARGUMENT**

### I.    **Citibank's Affirmative Defense Of Champerty Is Not An Improper Collateral Attack On The Bankruptcy Court's 9019 Orders**

#### A.    **Citibank's Champerty Defense Is Not Barred By *Res Judicata***

"The principle of res judicata bars a subsequent suit between the same parties or their

privies where a prior action has resulted in a judgment on the merits of the same cause of

action."  *Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 726–27 (2d Cir. 1981).  Plaintiff thus

asserts that bankruptcy court approval of a settlement that "resolves litigation between parties" is

entitled to *res judicata* effect.  (Opp. at 14.)  But the "parties" to the settlements approved by the

Bankruptcy Court were Plaintiff, on the one hand, and Hutton and Falcon, on the other.[2]

---

[2] Plaintiff and Taly did not enter into a settlement, as Plaintiff acknowledges.  (*See* Opp. at 11–12; Exs. 12, 13.)
Thus, not even the starting point of Plaintiff's *res judicata* argument is satisfied with respect to the Taly assignment.

Plaintiff falsely implies that Citibank was somehow a "party" to the National Events bankruptcy — and thus, in some way, to his settlements with Hutton and Falcon — merely because it had been served with non-party discovery subpoenas in the bankruptcy. (*See* Opp. at 6, 8–9.) In the Bankruptcy Court, Citibank was neither being sued by Plaintiff (or his assignors), nor asserting any claims against Plaintiff (or his assignors); the 9019 Orders accordingly did not involve, resolve, or release any rights or claims as between Plaintiff (or his assignors) and Citibank.[3] The fact that those Orders only addressed issues as between Plaintiff and his assignors means that Plaintiff cannot carry his burden to show that Citibank's affirmative defense of champerty is *res judicata*. *See, e.g.*, *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997).

1.    ***Res Judicata* Does Not Insulate The Hutton Assignment**

But even, *arguendo*, were Citibank considered a "party" to the 9019 Orders, *res judicata*, or claim preclusion, bars a subsequent claim only if the prior action involved "the same cause of action." *Tucker*, 646 F.2d at 727. Especially in the bankruptcy context, the totality of the circumstances must be scrutinized in assessing whether there is an identity of causes of action. *See, e.g.*, *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157–58 (2d Cir. 2017).

Crucial in this regard is whether the same "transaction" is at issue; and what constitutes

---

[3] This renders most of the *res judicata* cases relied upon by Plaintiff procedurally and factually inapposite. *See, e.g.*, *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190 (2d Cir. 2010) (plaintiff attempting to sue defendant a second time, after resolution of prior action by plaintiff against defendant); *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82 (2d Cir. 1997) (plaintiff was asserting claims for a liability already adjudicated in bankruptcy proceedings); *Campos v. Aegis Realty Mgmt. Corp.*, 2020 WL 433356 (S.D.N.Y. Jan. 28, 2020) (plaintiff was asserting claims covered by release included in approved plan of reorganization); *In re Yagman*, 2015 WL 13203927 (S.D.N.Y. Dec. 4, 2015) (debtor who had signed settlement agreement withdrawing his objections to certain creditors' claims could not subsequently challenge estate's distributions to those creditors), *aff'd sub nom. Yagman v. Kittay*, 670 F. App'x 743 (2d Cir. 2016); *see also In re Reagor-Dykes Motors, LP*, 613 B.R. 878, 886–88 (Bankr. N.D. Tex. 2020) (settlement respecting auto registration procedures could be enforced against creditor-car dealership: dealership held title documents to vehicle that was specifically considered in connection with the settlement; retention of title documents was at issue in connection with the settlement; and settlement applied to dealership's proof of claim). The only other case cited by Plaintiff to support his *res judicata* argument is *Semi-Tech Litigation, LLC v. Bankers Trust Company*, 272 F. Supp. 2d 319 (S.D.N.Y. 2003), discussed *infra* p. 5.

the same "transaction" for *res judicata* purposes must be given a "common-sense construction that recognizes the reality of the situation." *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997). Important factors are whether the claims are supported by the same evidence and whether facts essential to the second proceeding were present in the first. *See, e.g.*, *Brown Media*, 854 F.3d at 157; *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463–64 (2d Cir. 1996). Thus, *res judicata* will not bar a claim in a second proceeding that is based on events or conduct that post-dates the earlier proceeding. *See, e.g.*, *Comput. Assocs.*, 126 F.3d at 369; *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).

As Plaintiff acknowledges (Opp. at 17), champerty is an *affirmative defense to the prosecution of a claim* that challenges the plaintiff's standing to sue. *Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 612 F. Supp. 3d 263, 278, 281 (S.D.N.Y. 2020). At the time of the Hutton settlement, however, Plaintiff had not sued Citibank; he was not asserting any claim against Citibank implicating his standing to do so or the affirmative defense of champerty. And Plaintiff does not suggest that champerty may be adjudicated *except* as an affirmative defense. *See Alexander v. Unification Church of Am.*, 634 F.2d 673, 677 n.6 (2d Cir. 1980).

It would be an extreme and novel application of *res judicata* that forecloses an affirmative defense to a claim that has not been filed. To the contrary, a "potential defendant" is not required to "preemptively litigate" a purported assignee's standing to pursue assignors' claims. *See Zazzali v. Eide Bailly LLP*, 2013 WL 6045978, at *12–13 (D. Idaho Aug. 9, 2013) (adopting report & recommendation) (*res judicata* did not bar defendant's challenge to trustee's standing as assignee of debtor's creditors even though it failed to object to assignment in connection with bankruptcy court's approval of debtor's liquidation plan); *accord Zazzali v. Hirschler Fleischer, P.C.*, 482 B.R. 495, 507–08 (D. Del. 2012).

4

As a matter of common sense, and considering the reality of the situation, Plaintiff's suit against Citibank is a material fact post-dating approval of the Hutton settlement that defeats his *res judicata* argument.  *See, e.g.*, *First Jersey*, 101 F.3d at 1464 ("If the second litigation involved different transactions, and especially subsequent transactions, there generally is no claim preclusion."); *see also In re Lynn*, 285 B.R. 858, 862–64 (Bankr. S.D.N.Y. 2002) (whether assignee had taken action on the claim was relevant to champertous intent).

Even in *Semi-Tech*, on which Plaintiff primarily relies, the court *did not* find the champerty defense *res judicata*.  The plaintiff in *Semi-Tech* was created under a Chapter 11 plan of liquidation pursuant to which holders of notes issued by the debtor assigned the plaintiff their claims against the notes' indenture trustee.  When the plaintiff then sued, among the defendant's arguments for dismissal were: (1) the bankruptcy court lacked the power as a matter of bankruptcy law to effect the assignments by approving the plan of liquidation; and (2) the assignments were champertous.  *See* 272 F. Supp. 2d at 322–24.  The *Semi-Tech* court concluded that the bankruptcy court "necessarily had before it in determining whether to approve the Plan the question whether it had authority to work an assignment of the claims," and that, as a result, *that argument* was *res judicata*.  *Id.* at 325.  But Citibank is not challenging the Bankruptcy Court's *authority* to approve the settlements and assignments.  The issue is whether the assignments are champertous — a question that manifestly *was not* before the Bankruptcy Court in this case.  *See infra* pp. 6–7.  And, importantly (but not mentioned by Plaintiff), the *Semi-Tech* court addressed the defendant's champerty argument on the merits.  272 F. Supp. 2d at 330–31.

## 2.    *Res Judicata* Does Not Insulate The Falcon And Taly Assignments

Plaintiff's *res judicata* argument as to the Falcon settlement and the Taly assignment[4]

---

[4] This is assuming, solely for purposes of argument, that the lack of a settlement between Plaintiff and Taly is not

also fails given the relevant chronology.  Plaintiff sued as the purported assignee of Falcon and

Taly on June 1, 2022.  Plaintiff's Complaint thus presented for resolution *by this Court* the

question of whether Plaintiff has standing to sue *in this action* as Falcon's and Taly's assignee.

Plaintiff does not and indeed could not suggest otherwise.

      Plaintiff's Bankruptcy Court filings after suing Citibank did not divest this Court of

jurisdiction to adjudicate Plaintiff's standing to sue as Falcon's and Taly's purported assignee, or

obligate Citibank to make its champerty affirmative defense before a tribunal other than the one

where it was being sued.  *See Kilbarr Corp. v. Bus. Sys. Inc., B.V.*, 679 F. Supp. 422, 427 n.10

(D.N.J. 1988) ("a defendant must assert every available defense in a single lawsuit").  Rather

than obligating defendants to litigate on multiple fronts, *res judicata* is intended to avoid "the

cost and vexation of multiple lawsuits" and "conserve judicial resources."  *Allen v. McCurry*,

449 U.S. 90, 94 (1980).  In addition to being unsupported by any case law, Plaintiff's proffered

application of *res judicata* to the Falcon and Taly assignments undermines these objectives.

      **B.**    **Citibank's Champerty Defense Is Not Barred By Collateral Estoppel**

      Equally baseless is Plaintiff's suggestion that Citibank's champerty defense is an

improper collateral attack on the 9019 Orders because the Bankruptcy Court already addressed

whether the assignments were champertous.  (Opp. at 16–17.)  The bar of collateral estoppel, or

issue preclusion, applies only with respect to issues that were "raised, litigated, and actually

decided" in a prior proceeding.  *Tucker*, 646 F.2d at 728; *see, e.g., Interoceanica*, 107 F.3d at

91–92.  There is no mention or analysis of whether any of the Hutton, Falcon, or Taly

assignments complied (or not) with Judiciary Law § 489 in any of Plaintiff's papers submitted to

the Bankruptcy Court, in any of the transcripts of the proceedings before the Bankruptcy Court,

_____

itself dispositive of Plaintiff's *res judicata* argument as applied to the Taly assignment.  *But see* note 2, *supra*.

or in any of the Bankruptcy Court's 9019 Orders — and Plaintiff does not contend otherwise.[5]

**II.    Plaintiff's Attempts To Defend The Hutton, Falcon, and Taly Assignments On The Merits Should Be Rejected**

**A.    Plaintiff Does Not Identify A Proper Primary Purpose For The Hutton, Falcon, And Taly Assignments**

Plaintiff argues that an assignment is permissible even if enabling the assignee to sue on the claim is its "primary purpose," so long as that is not the assignment's *sole* purpose.  (Opp. at 21–22.)  This willfully misreads New York law.  *Justinian Cap. SPC v. WestLB AG*, 28 N.Y.3d 160, 163 (2016) (Judiciary Law § 489 "prohibits the purchase of … claims with the intent and for the primary purpose of bringing a lawsuit"); *id.* at 167 ("The primary purpose test … has been echoed in our courts for well over a century."); *see also, e.g.*, *Bluebird Partners, L.P. v. First Fid. Bank, N.A.*, 94 N.Y.2d 726, 735–36 (2000); *Elliott Assocs., L.P. v. Banco de la Nacion*, 194 F.3d 363, 374–78 (2d Cir. 1999).  Plaintiff's posture confirms that the Hutton, Falcon, and Taly assignments cannot survive scrutiny under the primary purpose test.

Plaintiff contends another purpose of the assignments was as part of settlements "that resolved various claims between and among the Trustee (on behalf of the Estates) and the Assignors."  (Opp. at 22; *see id.* at 23–24.)  But Plaintiff and Taly have *not* resolved their claims against each other.  (*See id.* at 11–12; Exs. 12, 13.)  The Taly assignment was an unadulterated assignment of Taly's purported claims against Citibank, and the only consideration therefor was an agreement between Plaintiff and Taly about how to divvy up any recovery.  By Plaintiff's own logic, therefore, he fails to identify a non-champertous purpose for the Taly assignment.

---

[5] *See, e.g.*, *Darling v. McDonald's Corp.*, 2006 WL 164986, at *12 (Cal. App. Jan. 24, 2006) (because issue was not actually litigated in bankruptcy court, defendant was not collaterally estopped by bankruptcy court's approval of assignment from challenging whether the claims were assignable under state law); *Calderera v. O'Carroll*, 551 So.2d 824, 827–28 (La. App. 1989) (bankruptcy court approval of assignment was not res judicata as to legality of assignment under state law because bankruptcy court made no substantive determination of the merits of that issue).

And while Plaintiff contends he settled with Hutton and Falcon to resolve their Proofs of Claim and matters related to Hutton's DIP Loan and Falcon's SubCon Objection (Opp. at 25), the issue is not Plaintiff's motivation for the settlements, but rather his motivation for the ***assignments***.  As Plaintiff concedes, the assignments were intended to address "who owned the Bank Claims, *how to prosecute them* and how to allocate proceeds thereof" (Opp. at 22, emphasis added), and to "provide the Estates with a path to recovery on the Bank Claims that avoided" potential *in pari delicto* defenses (*id.* at 25).  This acknowledgement, which is confirmed by the unambiguous and indisputable Bankruptcy Court record respecting the assignments (*see* Br. at 4–8), demonstrates, as a matter of law, that Plaintiff's suing on the Assignors' claims was "not merely an incidental or secondary purpose of the assignment[s], but [their] very essence." *Justinian Cap.*, 28 N.Y.3d at 168.

### B.    The Hutton, Falcon, And Taly Assignments Do Not Fall Within Any Exception To New York's Champerty Prohibition

Plaintiff's assertion that he had a "preexisting proprietary interest" in the Assignors' claims (Opp. at 18) must fail because, as Plaintiff acknowledges (*id.*), that exception only permits assignments to protect an *independent right of the assignee*.  *See, e.g.*, *Aretakis v. Caesars Ent.*, 2018 WL 1069450, at *9 (S.D.N.Y. Feb. 23, 2018); *Universal Inv. Advisory SA v. Bakrie Telecom Pte., Ltd.*, 154 A.D.3d 171, 180–81 (1st Dep't 2017); *see also IKB Int'l S.A. in Liquidation v. Morgan Stanley*, 2023 WL 2307489, at *4 (N.Y. Sup. Mar. 1, 2023) (because it was a lender to assignor, assignee had an interest in the profits generated from the assignor's assets).  The New York Court of Appeals' and Second Circuit's *Love Funding* decisions[6] are not

---

[6] *See Tr. for the Certificate Holders of the Merrill Lynch Mortg. Invs., Inc. v. Love Funding Corp.*, 591 F.3d 116 (2d Cir. 2010) ("*Love Funding II*"); *Tr. for the Certificate Holders of the Merrill Lynch Mortg. Invs., Inc. v. Love Funding Corp.*, 13 N.Y.3d 190 (2009) ("*Love Funding I*").

to the contrary.  The plaintiff in *Love Funding* was a trust that held securitized mortgage loans; after the trust declared one of the loans to be in default, it sued the loan's funder, and in settlement of that claim the trust received an assignment of the funder's claims against the loan's originator.  *See Love Funding II*, 591 F.3d at 117–18; *Love Funding I*, 13 N.Y.3d at 196–97. Because the trust held the underlying defaulted loan, it had a "preexisting proprietary interest" in the debt it was suing on.  *Love Funding I*, 13 N.Y.3d at 200–02; *see Love Funding II*, 591 F.3d at 122 (the assignment allowed the trust "directly to enforce its pre-existing interest in" the loan). Plaintiff, however, had no investment in or connection to the Assignors that gave him an independent pre-existing interest in their purported claims against Citibank.

Plaintiff's suggestion that he is not a "stranger" to the assigned claims due to his Hutton and Falcon settlements (*see* Opp. at 20) is wrong (and irrelevant as to Taly).  The relationship giving the assignee an interest in the claim must exist before the assignment, not arise from it. *See, e.g.*, *Love Funding II*, 591 F.3d at 122 ("even before the challenged UBS assignment, the Trust had a significant interest in" repayment of the loan); *Leasing Control Inc. v. 500 Fifth Ave., Inc.*, 193 A.D.3d 592, 593 (1st Dep't 2021) (assignment champertous where assignee and assignor "had no pre-existing relationship and plaintiff had no pre-existing interest in the claim" before assignment); *BSC Assocs., LLC v. Leidos, Inc.*, 91 F. Supp. 3d 319, 327–28 (N.D.N.Y. 2015) (*Love Funding* exception inapplicable because assignee "did not have a proprietary interest in the Subcontract underlying this action that predates the transfer of claims").

The only pre-assignment relationship Plaintiff had to the Assignors was as the primary tortfeasor (standing in the Debtors' shoes) responsible for allegedly defrauding them.  Such a relationship does not exempt an assignment from Judiciary Law § 489,[7] unlike the relationships

---

[7] Courts only except from the statute assignments "between two closely affiliated business enterprises."  *Empresa*

in the cases cited by Plaintiff.[8]   And the fact that Plaintiff acquired from the Assignors only their purported claims against Citibank, and nothing else, confirms the assignments' champertous nature.   *See, e.g.*, *Trustpilot Damages LLC v. Trustpilot, Inc.*, 2021 WL 2667029, at *5 (S.D. N.Y. June 29, 2021) ("[I]n cases finding an assignment non-champertous because of the relationship between plaintiff and assignor, the [plaintiff] acquired a right that it later sued to enforce, rather than purchasing a cause of action untethered from any other right."), *aff'd*, 2022 WL 2124865 (2d Cir. June 13, 2022); Br. at 14–15.

Nor, finally, does it matter that by virtue of his pursuit of claims against Citibank on behalf of the Debtors' estates, Plaintiff was already interested in the "subject matter" of this action.   (Opp. at 20.)   Judiciary Law § 489's "prohibition is not intended to curtail multiple actions, but, rather, the vice of champerty."   *Ehrlich v. Rebco Ins. Exch., Ltd.*, 225 A.D.2d 75, 76–78 (1st Dep't 1996) (assignment was champertous even though assignee asserted the claims in an action already commenced; although assignee did not use assignment to "bring" an action, assignment still enabled assignee "to assert another claim" in the action).

## <u>CONCLUSION</u>

The Court should dismiss this action with prejudice.

_____

*Cubana Exportadora de Azucar y Sus Derivados v. Lamborn & Co.*, 652 F.2d 231, 235–36 (2d Cir. 1981) (principal-agent relationship); *see, e.g.*, *Sharbat v. Iovance Biotherapeutics, Inc.*, 2023 WL 34377, at *15 (S.D.N.Y. Jan. 4, 2023) (explaining that exception applies "when a substantial relationship exists between the assignor and assignee," such as "when the assignor owns the assignee in part or in whole").

[8] *See In re IMAX Sec. Litig.*, 2011 WL 1487090, at *6 (S.D.N.Y. Apr. 15, 2011) (concerning assignment of securities claims between fund that purchased stock and its investment advisor who controlled all the fund's investments); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 315 (E.D.N.Y. 2010) (copyright and trademark infringement action; plaintiff was the assignee of trademarks registered by its subsidiary); *Jamaica Pub. Serv. Co., Ltd. v. La Interamericana Compania De Seguros Generales S.A.*, 262 A.D.2d 73, 74 (1st Dep't 1999) (concerning assignment between insured and insurers); *Bellarno Int'l Ltd. v. Irving Tr. Co.*, 165 A.D.2d 809 (1st Dep't 1990) (assignor was letter of credit issuer who assigned to letter of credit account party its claims against confirming bank for wrongful payment).   And *In re Greason*, 2009 WL 701921 (Bankr. W.D.N.Y. Mar. 10, 2009) (involving a lawyer-client relationship), is distinguishable for the additional reason that, unlike here, the "claim" assigned in that case was not an unadjudicated cause of action; it was a sanctions award that had been entered against the judgment debtor (*i.e.*, a debt) which the assignee was attempting to collect.   *See id.* at *1, *5.

Dated: New York, New York
      April 10, 2024

SHEARMAN & STERLING LLP

By:   /s/ John Gueli
      Adam S. Hakki
      John Gueli
      Katherine J. Stoller
      Randall Martin

      599 Lexington Avenue
      New York, NY 10022-6069
      Telephone: (212) 848-4000
      Facsimile: (212) 848-7179
      adam.hakki@shearman.com
      jgueli@shearman.com
      katherine.stoller@shearman.com
      randall.martin@shearman.com

      *Attorneys for Defendant Citibank, N.A.*