UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kenneth P. Silverman, Esq., The Chapter 7 Trustee of the Jointly Administered Estates of National Events Holdings, LLC and Its Affiliated Debtors,<br><br>                    Plaintiff,<br><br>        -against-<br><br><br>Citibank, N.A.<br>                    Defendant. | Case No. 1:22-cv-05211-DEH |

**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**

WHEREAS, the parties (together, the "Parties," and each, a "Party") in the above-captioned case (the "Action"), through their respective counsel of record, have agreed to the following terms regarding the scope of expert discovery and testimony in this Action, it is hereby

STIPULATED AND AGREED by and among the Parties, through their respective counsel of record, as follows:

1. This Stipulation and Order Regarding Expert Discovery ("Stipulation") shall govern discovery related to any testifying expert whose identity is required to be disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2).

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with expert witnesses and to minimize discovery disputes regarding such experts.

3. Neither the terms of this Stipulation nor the Parties' agreement thereto shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible. Further, nothing in this Stipulation requires or permits discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work-product doctrine, or any other applicable doctrine, privilege, protection, or rule of law.

4. This Stipulation does not set or alter the time for any disclosure or any deposition of any testifying expert required by Federal Rule of Civil Procedure 26(a)(2)(B) or any Court order. Each Party shall make all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi), as modified by this Stipulation, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert reports and testimony in this Action.

5. Within three (3) business days of disclosing any expert testimony, including written reports, the Party or Parties proffering the expert witness shall produce to all Parties all facts, data, and other information that the expert witness relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Action; (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other publicly available sources.

6. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinion(s),

machine-readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all Parties.  All input data, computer program code, and instructions used to generate the exhibits, information, or data results relied upon by an expert witness to form his or her opinion(s) shall be produced.  If a Party's expert witness intends to rely upon data available for purchase, the Party proffering the expert witness shall secure rights to produce said data in discovery.

7. Except as previously agreed among the Parties in writing or otherwise required by Court order, the Parties shall not be obligated to preserve, produce, or include on any privilege log any of the following categories of data, information, documents, or materials, which are not subject to discovery in this Action, even if an expert witness reviewed or considered them, if the expert witness did not rely upon them in forming his or her disclosed opinion(s) or other testimony:

a. non-final versions of any expert witness's reports, opinions, written testimony or work papers prepared in connection with this Action; preliminary calculations, computations, modeling or data runs prepared in connection with this Action; or other preliminary or draft materials prepared by, for, or at the direction of an expert witness for purposes of this Action;

b. any notes taken or other writings prepared by, for, or at the direction of an expert witness in connection with this Action, including correspondence or memos to or from an expert witness, and notes of conversations with the expert witness's assistants and/or clerical or support staff, other expert witnesses, including any non-testifying or consulting expert, or attorneys for the Party offering the testimony of such expert witness;

   c. information or communications, written or otherwise exchanged, recounted, or memorialized among or between (i) counsel and the expert witness and/or the expert witness's staff and/or supporting firms; (ii) a Party offering the testimony of the expert witness and the expert witness and/or the expert witness's staff and/or supporting firms; (iii) the expert witness and other expert witnesses, including any non-testifying or consulting expert; (iv) expert witnesses and their staff and/or supporting firms; and (v) the respective staffs and/or supporting firms of expert witnesses and/or supporting firms of other expert witnesses, including any non-testifying or consulting expert; and

   d. information concerning fees paid or to be paid to expert witnesses or the firms with which they work. For the avoidance of doubt, invoices submitted by expert witnesses shall not be discoverable.

  8. This Stipulation does not preclude questions at deposition, hearing, or trial related to an expert witness's hourly rate, the number of hours the expert witness expended in preparing his or her opinion(s), or any other consideration or compensation received or to be received by an expert witness in connection with work done in this litigation.  The parties will also disclose to one another in writing, no later than 20 days in advance of trial, the total hours worked and total compensation paid to their testifying experts for work done in this litigation as of that date.

  9. Further, nothing herein shall be construed to prevent questions relating to the substance of the expert witness's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinion(s)).  Thus, notwithstanding anything to the contrary herein, an expert witness may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the expert witness considered

4

or relied on, or did not consider or rely on, such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the expert witness to alter her or his opinion(s) in any respect.

10. Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

11. No subpoenas for depositions or documents need be served on any expert witness from whom a report or declaration is provided.  Instead, the Party proffering such expert witness shall (i) make the expert witness available for a deposition at a time and place mutually agreeable to the Parties in accordance with the case schedule and upon reasonable notice, and (ii) produce documents in accordance with the terms of this Stipulation.

12. This Stipulation may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

13. This Stipulation and Order may be executed in counterparts and shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

Dated: New York, New York
      December 20, 2024

| KASOWITZ BENSON TORRES LLP | ALLEN OVERY SHEARMAN STERLING US LLP |
|---|---|
| By: /s Daniel J. Fetterman (on consent)<br> Daniel J. Fetterman<br> Ronald R. Rossi<br> Kim Conroy<br> Michele Angell | By: /s John Gueli<br> Adam S. Hakki<br> John Gueli<br> Katherine J. Stoller<br> Randall Martin |
| 1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800 | 599 Lexington Avenue<br>New York, NY 10022-6069<br>Telephone: (212) 848-4000<br>Facsimile: (212) 848-7179 |
| *Attorneys for Kenneth P. Silverman, Esq., Chapter 7 Trustee* | *Attorneys for Defendant Citibank, N.A.* |

**SO ORDERED:**

Dated: _____
      New York, New York

                                                              Hon. Dale E. Ho
                                                              United States District Judge